FILED

DEC 1 9 2006    NF,

DEC 19 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SUSAN MUNCH, LARRY BUTLER, JOSEPH
LEONARD, KEVIN BARNES and VICTOR
MATOS, individually and on behalf of all others
similarly situated;

Plaintiff,

v.

Sears Roebuck & Co.,

Defendant.

06CV7023
JUDGE LEFKOW
MAGISTRATE JUDGE NOLAN

## CLASS ACTION COMPLAINT

Plaintiffs Susan Munch, Larry Butler, Joseph Leonard, Kevin Barnes and Victor Matos,

individually and on behalf of all others similarly situated, allege as and for their Class Action

Complaint against defendant Sears Roebuck & Co. ("Sears" or "Defendant"), upon personal

knowledge as to themselves and their own acts, and as to all other matters upon information and

belief, based upon, *inter alia*, the investigation made by their attorneys, as follows:

### INTRODUCTION

1.　This is a proposed class action brought by Plaintiffs on behalf of themselves and

other consumers of Kenmore HE3, HE3t, HE4, and HE4t washing machines (collectively,

"Kenmore HE Series Washing Machines"), as defined more fully herein. Plaintiffs and the

proposed class purchased Kenmore HE Series Washing Machines from Sears.

2.　This action arises out of the sales of Kenmore HE Series Washing Machines that

Sears knew or should have known were defective and unreliable while continually marketing the

washers as being innovative, cost effective and dependable. The Kenmore HE Series Washing

Machines fail to perform their intended purpose as a durable and suitable home clothes washing machine. Due to inherent design flaws, Kenmore HE Series Washing Machines repeatedly break down, do not clean clothes effectively, and otherwise fail to perform during normal home use. Kenmore HE Series Washing Machines fail to circulate and drain completely, resulting in the growth of mold and mildew in the machine, which causes strong, unpleasant odors in the machine and in the clothes "cleaned" in the machine.

3.      Sears' acts and omissions in connection with its sale and delivery of these defective washing machines violates the consumer protection laws of the states of residence of Plaintiffs and the other members of the class, and constitutes common law fraud, breach of implied warranty and unjust enrichment.

## PARTIES

4.      *Susan Munch.*  Plaintiff Susan Munch is a natural person and citizen of Illinois.

5.      *Larry Butler.*  Plaintiff Larry Butler is a natural person and citizen of Indiana.

6.      *Joseph Leonard.*  Plaintiff Joseph Leonard is a natural person and citizen of Minnesota.

7.      *Victor Matos.*  Plaintiff Victor Matos is a natural person and citizen of Kentucky.

8.      *Kevin Barnes.*  Plaintiff Kevin Barnes is a natural person and citizen of Texas.

9.      *Sears Roebuck & Co.*  Defendant Sears Roebuck & Co. is a foreign corporation with its principal place of business in Hoffman Estates, Illinois.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value

of $5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of States different from Defendants.

11.    Venue is proper pursuant to 28 U.S.C. § 1391. Defendant is subject to personal jurisdiction in the Northern District of Illinois.

## OVERVIEW

12.    Sears marketed and sold a line of front-loading washers, the Kenmore HE Series Washing Machines, throughout the United States. The machines are used primarily for consumer and household purposes. Sears sold the machines as part of its trade or business.

13.    Sears marketed the Kenmore HE Series Washing Machines as a product that saved energy and water while providing outstanding cleaning and dependability, and consumers paid a premium for the machines, which were priced at the top of the washing machine market. Consumers often paid in excess of $1,000.00 for a Kenmore HE Series Washer.

14.    Sears provided an express warranty with Kenmore HE Series Washing Machines that guaranteed for the first year from the date of purchase free replacement of parts without labor charge.

15.    Sears received a significant number of complaints regarding the performance of the Kenmore HE Series Washing Machines. Many of the complaints concerned premature and repeated mechanical failure; electronic control panel failure; clothes not being cleaned properly, including clothes being stained; mold and mildew growing in the machines; and otherwise not performing as a durable and dependable washing machine. The product as designed did not perform in accordance with the representations made by Sears or with the reasonable expectations of Plaintiffs and class members.

16.     Despite receiving a high level of complaints about the product, Sears continued to market Kenmore HE Series Washing Machines as being dependable and providing outstanding cleaning.  Sears never disclosed the many claims it received or the high incidence of repair of the Kenmore HE Series Washing Machines.

17.     Sears manufactured and sold Kenmore Series HE Series Washing Machines to consumers when it knew or should have known the washers were not dependable and would not withstand normal operation.  Kenmore HE Series Washing Machines were not of the standard, quality or grade that Sears represented them to be and were not fit for their expected uses.  Sears omitted, or otherwise concealed or failed to disclose to Plaintiffs and the class members, the true unreliable and defective nature of Kenmore HE Series Washing Machines, and Sears failed to take other remedial action to correct its omissions or concealments.

18.     Sears falsely represented that Kenmore HE Series Washing Machines provided outstanding performance as home washing machines, even though it knew or should have known that major components of the machines would fail when used and operated in a normal manner well before the reasonable expectations of the consumers using the product.

19.     Moreover, prior to the Kenmore HE Series Washing Machines, Sears marketed and sold Calypsos Washing Machines which had many of the same defects as alleged herein, and which resulted in major litigation against Sears with Sears ultimately agreeing to pay damages to the owners of Calypsos Washing Machines.  Because of the previous problems with Calypso Washing Machines, Sears knew or should have known defective washing machines, and failure to disclose those defects, would cause substantial damage to consumers.

20.     As a result of Sears' failures and misconduct as detailed herein, Plaintiffs and the proposed class members have suffered actual damages in that their Kenmore HE Series Washing

Machines have not operated as represented by Sears.  Plaintiffs and the proposed class have had to pay too high a purchase price for a washing machine that is defective and not fit for use. Additionally, Plaintiffs and the proposed class have been damaged by having to pay for costs associated with service calls, buy replacement parts, and buy extended warranties.

## NAMED PLAINTIFFS' ALLEGATIONS

21.    **Susan Munch.**        On or about December 2004, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,000.  Plaintiff used the washer for normal home use.

22.    On or about June 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FDL would appear.

23.    Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine for free since the one year warranty had elapsed, and estimated repairs costs at $655.00.

24.    Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty for approximately $300.00 which Plaintiff was coerced into buying due to the already evident poor performance of the HE3t washer despite its having only been used for less than 18 months.

25.    **Larry Butler.**        On or about February 2005, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,200.  Plaintiff used the washer for normal home use.

26.    On or about November 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate.

Additionally error codes such as F11 and FDL would appear.  Furthermore, the HE3t also developed a moldy musty smell.

27.     Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine without a $54.00 service fee since the one year warranty had elapsed.  Plaintiff paid approximately $50 for replacement relays.

28.     **Joseph Leonard.**          On or about May 2005, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,000.  Plaintiff used the washer for normal home use.

29.     On or about October 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FDL would appear.

30.     Plaintiff contacted Sears to correct the problem, and was charged $55.00 for a service call.

31.     Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty.

32.     **Kevin Barnes.**       On or about March 2005, Plaintiff purchased a Kenmore HE4t washing machine for approximately $1,150.00.  Plaintiff used the washer for normal home use.

33.     On or about October 2006, Plaintiff began experiencing problems with the HE4t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FDL would appear.   Plaintiff spent approximately $100.00 for parts to repair the machine.

34.    **Victor Matos.**      On or about January 2005, Plaintiff purchased a Kenmore HE4t washing machine for approximately $1,200.  Plaintiff used the washer for normal home use.

35.      On or about August 2005, Plaintiff began experiencing problems with the HE4t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FDL would appear.

36.      Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine for free since the one year warranty had elapsed.  Plaintiff paid approximately $141.00 for parts to repair the machine.

37.      Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty.

## CLASS ACTION ALLEGATIONS

38.      Plaintiffs bring all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class defined below.

**A.      Class Definition(s)**

39.      The (b)(2) Injunctive Relief Class consists of:

All consumers who own a Kenmore HE Series washing machine.[1]

40.      The (b)(3) State Sub-Classes consist of:

**Illinois:**  All persons in Illinois who own a Kenmore HE Series washing machine (the "Illinois Sub-Class");

**Indiana:**  All persons in Indiana who own a Kenmore HE Series washing machine (the "Indiana Sub-Class");

---

[1]      Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

**Minnesota:**  All persons in Minnesota who own a Kenmore HE
Series washing machine (the "Minnesota Sub-Class");

**Texas:**  All persons in Texas who own a Kenmore HE Series
washing machine (the "Texas Sub-Class");

**Kentucky:**  All persons in Kentucky who own a Kenmore HE
Series washing machine (the "Kentucky Sub-Class");

Excluded from the Class(es) are:  Defendants, any entities in which they have a controlling

interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members

of such persons immediate families, and the presiding judge(s) in this case and his, her or their

immediate family.

**B.      Numerosity**

41.      At this time, Plaintiffs do not know the exact size of the Class; however, due to

the nature of the trade and commerce involved, Plaintiffs believe that the Class members are so

numerous that joinder of all members is impracticable.  The number and identities of Class

members is administratively feasible and can be determined through appropriate discovery.

**C.      Commonality**

42.      There are questions of law or fact common to the class, including at least the

following:

> (a)      Whether Sears knew or should have known that Kenmore Series HE
> Washing Machines are not dependable and are not suitable for use as
> home washing machines, and otherwise are not as warranted and
> represented by Sears;

> (b)      Whether Sears concealed from and/or failed to disclose to Plaintiffs and
> the class members material facts including that Kenmore HE Series
> Washing Machines are not suitable;

(c)     Whether Sears engaged in unfair or deceptive acts and/or practices when it failed or omitted to disclose either through advertising, warranties and other express representations, the unreliability of Kenmore HE Series Washing Machines;

(d)     Whether Sears was unjustly enriched by its conduct;

(e)     Whether Sears had a pattern and practice of marketing extended warranties to further profit from Plaintiff and the class;

(f)     Whether Plaintiffs and the class members are entitled to compensatory damages, and the measure of such damages; and

(g)     Whether Plaintiffs and the class members are entitled to punitive damages, and the measure of such damages.

## D.     Typicality

43.     Plaintiffs have the same interests in this matter as all other members of the Class, and their claims are typical of all members of the class.

## E.     Adequacy

44.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiffs will fairly and adequately represent the interests of the class members and do not have interests adverse to the class.

## F.     The Prerequisites of Rule 23(b)(2) are Satisfied

45.     The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive and equitable relief with respect to the class as a whole.

46.     The prosecution of separate actions by members of the class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might

decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of class members, who would not be parties to those actions.

47.     Defendant's actions are generally applicable to the class as a whole, and Plaintiffs seek, *inter alia*, equitable remedies with respect to the class as a whole.

48.     Defendant's systemic policy and practices make declaratory relief with respect to the class as a whole appropriate.

### G.     The Prerequisites of Rule 23(b)(3) are Satisfied

49.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class defined above.

## FRAUDULENT CONCEALMENT

50.     Throughout the Class period, Defendant affirmatively concealed from Plaintiffs and class members the defects described herein.

51.     Defendant had a duty to inform Plaintiffs and Class of the defects described herein, which it knew of or should have known. Notwithstanding its duty, Defendant never

disclosed the defects to Plaintiffs or the Class; rather, Defendant attributed resulting mechanical failures to soap, water issues or other conduct.

52. Moreover, as part of the scheme, after the warranty period had expired Defendant marketed extended warranties for hundreds of dollars, thus further attempting to profit from the misfortune of Kenmore HE Series Washer purchasers.

53. Despite exercising reasonable diligence, Plaintiffs and Class could not have discovered the defects or Defendants' scheme to avoid disclosure of the defect. Thus, running of the statute of limitations has been tolled with respect to any claims that Plaintiffs or the Class have brought or could have brought as a result of the unlawful and fraudulent course of conduct described herein.

54. Defendants are further estopped from asserting any statute of limitations defense, contractual or otherwise, to the claims alleged herein by virtue of its acts of fraudulent concealment.

## CAUSES OF ACTION

### COUNT I – Brought on Behalf of Illinois Class
### (Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)

55. Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

56. 56. At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (the "Act").

57. Section 2 of the Act provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deceptive, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or

omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby,  In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2 (footnotes omitted).

58.     Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the ICFA given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

61.     Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, renders unlawful the "use or employment of any deception [including the] concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce..." Illinois case law holds that reliance on the deception is not an element of a consumer fraud claim.

62.     Consumers (such as Plaintiffs) were entitled to disclosure of all material facts because

    (a)     A significant risk of failure would be a material fact in a consumer's decision-making process, and

    (b)     Without Sears' disclosure, consumers would not know that there is any risk of failure.

63.     Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition.  All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

64.     Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

(a)     there was a substantial risk of mechanical failure and/or moldy smells;

(b)     that failures might not exhibit themselves until after the warranty has expired; and

(c)     that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

65.     Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the ICFA.

66.     Defendant has committed deceptive acts or practices within the meaning of the ICFA by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

67.     Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

68.     As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.     Designating Plaintiffs as representatives of the class and their counsel as class counsel;

-13-

C.     Entering judgment in favor or Plaintiffs and the class and against
       Defendant;

D.     Awarding Plaintiffs and class members their individual damages and
       attorneys' fees and allowing costs, including interest thereon;

E.     Awarding Plaintiffs and the class members punitive damages, in an
       amount to be determined at trial;

F.     Imposing a constructive trust on amounts wrongfully collected from
       Plaintiffs and the class members pending resolution of their claims herein;

G.     Compelling Defendant to establish a program to inspect, repair and replace
       defective Kenmore HE Series Washing Machines;

H.     Compelling Defendant to establish a program to reimburse its warranty
       claims denied or paid in part, reimburse Sears customers who have had to
       pay to repair and/or replace defective Kenmore HE Series Washing
       Machines, reimburse customers who have purchased extended warranties;
       and

I.     Granting such further relief as the Court deems just.

## COUNT II – Brought on Behalf of Indiana Class
### (Violation of Indiana Deceptive Consumers Sales Act)

69.    Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully

stated herein.

70.    This Count is brought on behalf of Plaintiff Butler and the Indiana Class.  At all

times relevant hereto, there was in full force and effect the Indiana Deceptive Consumers Sales

Act, Ind. Code § 24-5-0.5 et seq. (the "Act").

71.    Section 0.5-4 of the Act provides in relevant part as follows:

       (a) A person relying upon an uncured or incurable deceptive act
       may bring an action for the damages actually suffered as a
       consumer as a result of the deceptive act.  The court may award
       reasonable attorney fees to the party that prevails in an action under
       this subsection.

Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the Act given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

     (a)    A significant risk of failure would be a material fact in a consumer's decision-making process, and

     (b)    Without Sears' disclosure, consumers would not know that there is any risk of failure.

Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs) that:

     (a)    there was a substantial risk of mechanical failure and/or moldy smells;

     (b)    failures might not exhibit themselves until after the warranty has expired; and

     (c)    if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.  Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.  Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.  Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.  Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.  Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.  Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.  Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing

Machines, reimburse customers who have purchased extended warranties; and

I.      Granting such further relief as the Court deems just.

## COUNT III – Minnesota
## (Violation of Minnesota Prevention of Consumer Fraud Act)

80.     Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

81.     This Count is brought on behalf of Plaintiff Leonard and the Minnesota Class.

82.     At all times relevant hereto, there was in full force and effect the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann. § 325F et seq. (the "Act").

83.     Section 69 of the Act provides in relevant part as follows:

> "Subdivision 1: The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein."

> "Subdivision 4:  Solicitation of money for merchandise not ordered or services not performed.  The act, use, or employment by any person of any solicitation for payment of money by another by any statement or invoice, or any writing that could reasonably be interpreted as a statement or invoice, for merchandise not yet ordered or for services not yet performed and not yet ordered, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein."

84.     Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the Act given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

-17-

85.     Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

      (a)     A significant risk of failure would be a material fact in a consumer's decision-making process, and

      (b)     Without Sears' disclosure, consumers would not know that there is any risk of failure.

86.     Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition.  All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

87.     Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

      (a)     there was a substantial risk of mechanical failure and/or moldy smells;

      (b)     that failures might not exhibit themselves until after the warranty has expired; and

      (c)     that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

88.     Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above.  This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

89.     Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

90.     Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

<u>91.</u>     As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.     Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.     Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.     Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.     Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.     Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.     Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.     Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.     Granting such further relief as the Court deems just.

## COUNT IV – Kentucky
### (Violation of Kentucky Consumer Fraud and Deceptive Business Practices Act)

Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

At all times relevant hereto, there was in full force and effect the Kentucky Consumer Fraud and Deceptive Business Practices Act, Ky. Rev. Stat. § 367.220 et seq (the "Act").

Section 170 of the Act provides in relevant part as follows:

(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
(2) For the purposes of this section, unfair shall be construed to mean unconscionable.

Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of Consumer Fraud Acts given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

(a)     A significant risk of failure would be a material fact in a consumer's decision-making process, and

(b)     Without Sears' disclosure, consumers would not know that there is any risk of failure.

Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

109. Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

    (a)    there was a substantial risk of mechanical failure and/or moldy smells;

    (b)    that failures might not exhibit themselves until after the warranty has expired; and

    (c)    that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

110. Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

111. Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

112. Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

113. As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.   Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.   Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.   Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.   Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.   Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.   Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.   Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.   Granting such further relief as the Court deems just.

## COUNT V
### (Common Law Fraud by Omission)

Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

Sears, through its experience, was in a position of superiority over Plaintiffs and class members with respect to knowledge that: (a)   there was a substantial risk of mechanical failure and/or moldy smells; (b) that failures might not exhibit themselves until after the warranty has expired; and (c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

117.    In other words, once the risk of the failures becomes significant, consumers (such as Plaintiffs and the class members) were entitled to disclosure of that fact because:

    (a)    A significant risk of failure would be a material fact in a consumer's decision-making process, and

    (b)    Without Sears' disclosure, consumers would not know that there is any risk of failure.

118.    Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after their warranties expire, and if that occurred, Sears was not committing to repair the condition. And at that time, at the cost of hundreds of dollars, Plaintiffs and the class would be coerced into buying an extended warranty. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

119.    Plaintiffs and the class reasonably relied on Sears to disclose those material facts. If Sears had disclosed the above facts to Plaintiffs and the class, they could have (and would have) prevented economic injury by either negotiating a lower price to reflect the risk or simply avoiding the risk by purchasing a different manufacturer's windows.

120.    Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

    (a)    there was a substantial risk of mechanical failure and/or moldy smells;

    (b)    that failures might not exhibit themselves until after the warranty has expired; and

    (c)    that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

121.    Sears failed to disclose those material facts and, as a proximate result, Plaintiffs and the class have been damaged because: (a) they purchased Kenmore HE Series Washing

Machines that developed the undisclosed risk – failures, (b) the condition exhibited itself after

Plaintiffs' warranty period expired, and (c) Sears refused to repair the condition because the

warranties had expired.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described

herein, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a
        class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and
        certifying the class defined herein;

B.      Designating Plaintiffs as representatives of the class and their counsel as
        class counsel;

C.      Entering judgment in favor or Plaintiffs and the class and against
        Defendant;

D.      Awarding Plaintiffs and class members their individual damages and
        attorneys' fees and allowing costs, including interest thereon;

E.      Awarding Plaintiffs and the class members punitive damages, in an
        amount to be determined at trial;

F.      Imposing a constructive trust on amounts wrongfully collected from
        Plaintiffs and the class members pending resolution of their claims herein;

G.      Compelling Defendant to establish a program to inspect, repair and replace
        defective Kenmore HE Series Washing Machines;

H.      Compelling Defendant to establish a program to reimburse its warranty
        claims denied or paid in part, reimburse Sears customers who have had to
        pay to repair and/or replace defective Kenmore HE Series Washing
        Machines, reimburse customers who have purchased extended warranties;
        and

I.      Granting such further relief as the Court deems just.

## COUNT VI
### (Breach of Implied Warranty of Merchantability)

122. Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

123. At all times relevant hereto, there was duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that product be acceptable in trade for the product description.

124. Notwithstanding the aforementioned duty, at the time of delivery, Kenmore HE Series Washing Machines sold to Plaintiffs and the class were not merchantable.

125. As documented in its own business records and elsewhere, Defendant was notified that the Kenmore HE Series Washing Machines were not merchantable with a reasonable time after the latent defect manifested itself to Plaintiffs and the class.

126. As a result of the non-merchantability of the Kenmore HE Series Washing Machines described herein, Plaintiffs and other members of the class sustained a loss or damages.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B. Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C. Entering judgment in favor or Plaintiffs and the class and against Defendant;

D. Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.   Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.   Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.   Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.   Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.   Granting such further relief as the Court deems just.

## COUNT VII
## (Unjust Enrichment (Alternative Count))

127.   Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

128.   Plaintiffs and the class have conferred benefits on Defendant by purchasing Kenmore HE Series Washing Machines.

129.   Defendants have knowingly and willingly accepted these benefits from Plaintiffs and the class.

130.   Under the circumstances, it is inequitable for Defendant to retain these benefits at the expense of Plaintiffs and the class.

131.   Defendant has been unjustly enriched at the expense of and detriment of Plaintiffs and the class by wrongfully collecting money to which Defendant, in equity, is not entitled.

132.   Plaintiffs and the class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

133.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiffs and the class.

134.   Plaintiffs and the class have no adequate remedy at law.

135.   Plaintiffs seek to obtain a pecuniary benefit for the class in the form of all reimbursement, restitution and disgorgement from Defendant. Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.   Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.   Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.   Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.   Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.   Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.   Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.   Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.   Granting such further relief as the Court deems just.

## COUNT XIII
### Declaratory Relief Pursuant To 28 U.S.C. § 2201

136.   Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

137.   There is an actual controversy between Defendant and all class members concerning the legality of Defendant's marketing of Kenmore HE Series Washing Machines as innovative, cost effective and dependable when it knew or should have known them to be defective and unreliable.

138.   Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Plaintiffs and class members are interested parties who seek a declaration of their rights and legal relations vis-à-vis Defendant with regard to sales of the Kenmore HE Series Washing Machines.

139.   Specifically, Plaintiffs seek an Order by this Court:

A.   Declaring the warranty void;

B.   Declaring the time limit void;

C.   Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines

D.   Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to

pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

E.     Granting such further relief as the Court deems just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED:  December 19, 2006              Respectfully submitted,

                                       **SUSAN MUNCH, LARRY BUTLER, JOSEPH LEONARD, KEVIN BARNES and VICTOR MATOS,**
                                       **Class Plaintiffs,**

                                       By: _____
                                              One of Their Attorneys

                                       Paul M. Weiss #6217260
                                       George K. Lang #6211537
                                       **FREED & WEISS LLC**
                                       111 West Washington Street, Suite 1331
                                       Chicago, Illinois  60602
                                       (312) 220-0000
                                       paul@freedweiss.com
                                       george@freedweiss.com


                                       Christopher A. Seeger
                                       David R. Buchanan
                                       **SEEGER WEISS LLP**
                                       One William Street
                                       New York, NY  10004
                                       (212) 584 0700