# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUSAN MUNCH, LARRY BUTLER, JOSEPH LEONARD, KEVIN BARNES, and VICTOR MATOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>Defendant. | Case No. 06-cv-7023<br><br>Judge Joan Humphrey Lefkow |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OF PLAINTIFFS' CLAIMS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sears, Roebuck and Co. ("Sears") moves for an order dismissing Plaintiffs Susan Munch, Larry Butler, Victor Matos, Joseph Leonard, and Kevin Barnes's ("Plaintiffs") Class Action Complaint ("Complaint"), for each of the following reasons:

1. Count I, which alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Fraud Act"), fails for several reasons:

    a. Plaintiffs Butler, Leonard, Matos, and Barnes do not have standing to assert claims under the Illinois Fraud Act because they are not residents of the State of Illinois, and the majority of the circumstances that relate to their claims occurred outside Illinois.

    b. Plaintiffs fail to identify any statement by Sears that was misleading due to the omission of a material fact.

    c. Plaintiffs fail to allege facts that Sears intended to induce Plaintiffs' reliance on any alleged omission.

2. Count II, which alleges a violation of the Indiana Deceptive Consumer Sales Act, ("Indiana Fraud Act"), fails because the Indiana Fraud Act applies only to oral or written

representations, and Plaintiffs do not identify any oral or written statement by Sears and allege only that Sears "failed to disclose" certain facts.

    3.    Count III, which alleges a violation of the Kentucky Consumer Fraud and Deceptive Business Practices Act ("Kentucky Fraud Act"), fails because Plaintiffs have not alleged with particularity that Sears failed to disclose a material fact, and because Plaintiffs have not alleged facts showing that Sears had knowledge of the omitted facts before Plaintiffs bought their washing machines.

    4.    Count IV, which alleges a violation of the Minnesota Prevention of Consumer Fraud Act ("Minnesota Fraud Act"), fails because Plaintiffs have not alleged with particularity that Sears failed to disclose a "material" fact, and because Plaintiffs have not alleged facts showing that Sears had knowledge of the omitted facts before Plaintiffs bought their washing machines.

    5.    Count V, which alleges common-law fraud by omission, fails because Plaintiffs have not sufficiently alleged that Defendant had a legal duty to disclose any additional facts, or that Defendant failed to disclose any material facts.

    6.    Count VI, which alleges breach of implied warranty of merchantability, fails because Plaintiffs have not adequately alleged that their washing machines were not fit for their ordinary intended use of cleaning clothes.

    7.    In addition, Plaintiffs Butler's, Leonard's, and Barnes's warranty claims fail because they have not pled that they provided Sears with the statutorily required pre-suit notice of their claims for breach.

    8.    Count VII, which alleges unjust enrichment, fails because the Complaint contains no well-pled facts that, if true, would show that Sears' conduct was wrongful. Plaintiffs' unjust enrichment claims also fail because Plaintiffs' claims are governed by an express warranty.

    9.    Count VIII, which is mislabled "Count XIII" and which seeks a declaratory judgment, fails because there is no actual controversy between Plaintiffs and Sears.

This motion to dismiss is based on this motion and notice of motion, Sears' concurrently-filed supporting memorandum of law, and any other matter the Court may consider, including, but not limited to, Exhibit A to the Affidavit of Steven Namnick. **Sears requests a hearing on this motion to dismiss.**

Dated:  March 26, 2007   By:   s/ Brad E. Rago

    Bradley B. Falkof
    Brad E. Rago
    Barnes & Thornburg LLP
    1 North Wacker Drive, Suite 4400
    Chicago, IL  60606
    Telephone: (312) 214-8304
    Facsimile:  (312) 759-5646

    *and*

    Malcolm E. Wheeler
    Michael T. Williams
    Kara J. Rohe
    Gallen D. Bellamy
    Wheeler Trigg Kenney LLP
    1801 California Street, Suite 3600
    Denver, CO  80202-2617
    Telephone: (303) 244-1800
    Facsimile:  (303) 244-1879

    Peter W. Herzog, III
    Bryan Cave LLP
    211 North Broadway, Suite 3600
    St. Louis, MO  63102-2750
    Telephone: (314) 259-2000
    Facsimile:  (314) 259-2020

    *Attorneys for Sears, Roebuck and Co.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendant's Motion to Dismiss Complaint or, in the Alternative, for a More Definite Statement of Plaintiffs' claims was served this 26th day of March, 2007 via the Court's CM/ECF system to Paul M. Weiss and George K. Lang, Freed & Weiss LLC, 111 W. Washington St., Suite 1331, Chicago, IL 60602.

s/ Brad E. Rago

CHDS01 BRAGO 388063v1