**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SUSAN MUNCH, LARRY BUTLER,
JOSEPH LEONARD, KEVIN BARNES,
and VICTOR MATOS, individually and on
behalf of all others similarly situated,Plaintiffs,

and

BRYAN SERATT, ALAN JARASHOW, DR.
STEPHEN PAPALEO, LAUREN CRANE, and
LAWRENCE L'HOMMEDIEU, individually
and on behalf of all others similarly situated,
                        Plaintiffs,

        v.

SEARS, ROEBUCK AND CO.,

                Defendant.

Case No. 06-cv-7023

Consolidated with 07-CV-0412

Judge Joan H. Lefkow

**NOTICE OF FILING**

To: All Counsel of Record

        PLEASE TAKE NOTICE that on May 3, 2007 we filed with the U.S. District Court for
the Northern District of Illinois, Eastern Division, **Plaintiff's Consolidated Opposition to
Defendant's Motion to Dismiss**, copies of which are attached.

DATED:  May 3, 2007                 Respectfully submitted,

                                    **Class Plaintiffs,**

                                    By:____s/Eric C. Brunick_____
                                         One of Their Attorneys

                                    Paul M. Weiss
                                    George K. Lang
                                    Eric C. Brunick
                                    Matthew Sheynes
                                    **FREED & WEISS LLC**
                                    111 West Washington Street, Suite 1331
                                    Chicago, Illinois  60602
                                    (312) 220-0000
                                    paul@freedweiss.com
                                    george@freedweiss.com
                                    ericb@freedweiss.com
                                    matt@freedweiss.com

Christopher A. Seeger
David R. Buchanan
**SEEGER WEISS LLP**
One William Street
New York, New York  10004
(212) 584 0700

Jonathan Shub
Scott Alan George
**SEEGER WEISS LLP**
1200 Walnut Street
5th Floor
Philadelphia, Pennsylvania 19107
(610) 453-6551

John A. Yanchunis
Mark Fistos
**JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A.**
3301 Thomasville Road
Suite A 200
Tallahassee, Florida  32308
(850) 325-2680

Tod Aronovitz
Steven R. Jaffe
**ARONOVITZ TRIAL LAWYERS**
Museum Tower, Suite 2700
150 West Flagler Street
Miami, Florida  33130
(305) 372-2772

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SUSAN MUNCH, LARRY BUTLER,            )
JOSEPH LEONARD, KEVIN BARNES,         )
and VICTOR MATOS, individually and on )
behalf of all others similarly situated,  )
                                      )   Case No. 06-cv-7023
        Plaintiffs,                   )
and                                   )   Consolidated with 07-CV-0412
                                      )
BRYAN SERATT, ALAN JARASHOW,          )   Judge Joan H. Lefkow
DR. STEPHEN PAPALEO, LAUREN           )
CRANE, and LAWRENCE                   )
L'HOMMEDIEU, individually and on behalf )
of all others similarly situated,     )
                                      )
                                      )
        Plaintiffs,                   )
                                      )
        v.                            )
                                      )
SEARS, ROEBUCK AND CO.,               )
                                      )
        Defendant.                    )

## PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................................... 1

II.   FACTS ........................................................................................................................ 1

III.  ARGUMENT .............................................................................................................. 2

    A.   PLAINTIFFS MAY PURSUE THEIR CLAIMS UNDER THE ICFA ............................ 2

        1.   Plaintiffs Each Have Standing to Seek Relief Under the ICFA .................................... 2

        2.   Plaintiffs Have Adequately Described Defendant's Fraud Against Its Consumers ....... 3

        3.   Defendant Had Full Knowledge of the Defect and the Impact Its Wider Course of Action Had on Consumers .................................................................................................... 5

    B.   Plaintiffs' Claims Under the Consumer Laws of Other States Are Fully Alleged ............. 6

        1.   Indiana Law Condemns Defendant's Wrongdoing ........................................................ 6

        2.   California Law Condemns Defendant's Wrongdoing ..................................................... 7

        3.   Washington Law Condemns Defendant's Wrongdoing ................................................. 9

    C.   ILLINOIS LAW APPLIES TO PLAINTIFFS' COMMON LAW CLAIMS .................... 9

    D.   UNDER COMMON LAW FRAUD DEFENDANT WAS OBLIGED TO DISCLOSE EXISTENCE OF THE DEFECT .................................................................................................. 10

    E.   PLAINTIFFS MAY PURSUE THEIR IMPLIED WARRANTY CLAIM ...................... 11

        1.   The Defects Render The Machines Unmerchantable. .................................................. 12

        2.   Defendant was on notice as to its breach of warranty .................................................. 12

    F.   PLAINTIFFS' STATE CLAIMS FOR UNJUST ENRICHMENT ................................. 14

    G.   DECLARATORY JUDGMENT IS NECESSARY AND APPROPRIATE TO MAKE PLAINTIFFS AND THE CLASS WHOLE ............................................................................... 15

IV.   CONCLUSION ......................................................................................................... 16

## Table Of Authorities

## Cases

*ADT Security Services, Inc. v. Hawa*, 2005 WL 2878161 (Tex. App.-Beaumont Nov. 3, 2005) 15

*Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001) ................................................. 14

*Arazie v. Mullane*, 2 F. 3d 1456 (7th Cir.1993). ............................................................................ 3

*Atkinson v. Elk Corp. of Texas*, 142 Cal. App. 4th 212, 48 Cal. Rptr. 3d 247 (Cal.App. 6 Dist. 2006) ......................................................................................................................................... 11

*Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 187, 835 N.E. 2d 801 (Ill. 2005) ...... 2, 3

*Bardin v. DaimlerChrysler Corp.,* 136 Cal. App. 4th 1255, 39 Cal. Rptr. 3d 634 (Cal. App. 4 Dist. 2006) ............................................................................................................................... 8

*Barron v. Ford Motor Co. of Canada Ltd.*, 965 F. 2d 195 (7th Cir. 1992) .................................. 9

*Baum v. Murray*, 162 P. 2d 801 (Wash. 1945) ............................................................................. 13

*Billfish, Inc. v. Campbell*, 1999 WL 455014 (9th Cir. Jun. 29, 1999) .......................................... 15

*Bison Media, Inc. v. KTSL, Inc.*, 115 Wash. App. 1045 (Wash. App. Div. 3, 2003) ..................... 9

*Brinkerhoff v. Campbell*, 99 Wash. App. 692, 994 P. 2d 911 (Wash. App. Div. 1, 2000) ........... 11

*Buff v. Giglio*, 304 A. 2d 771 (N.J. Super. A.D. 1973) .................................................................. 13

*City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247 (Tex. App.-Corpus Christi 1987) ............................................................................................................................. 15

*Cliffstar Corp. v. Elmar Indus., Inc.*, 678 N.Y.S. 2d 222 (N.Y. App. Div. 4 Dept. 1998) ........... 13

*Coca-Cola Co. Foods Div. v. Olmarc Pakaging Co.*, 620 F.Supp. 966 (N.D. Ill. 1985) ... 3, 10, 11

*Collum v. Pope & Talbot, Inc.*, 135 Cal. App. 2d 653, 288 P. 2d 75 (Cal. App. 1 Dist. 1955).... 11

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................................... 3

*Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E. 2d 584 (Ill. 1996) ................... 4, 5, 10, 13

*Cougler v. Fackler*, 510 S.W. 2d 16 (Ky. 1974) ............................................................................ 15

*Day v. AT&T Corp.*, 63 Cal. App.4th 325, 74 Cal. Rptr. 2d 55 (Cal. App. 1 Dist. 1998) ............. 9

*Emergency Care and Health Organization, Ltd. v. Trinity Med. Ctr.,* 2001 WL 34142437 (Ill. App. 3rd Dist. Dec. 12, 2001) ................................................................................................ 14

*Garner v. Healy*, 184 F.R.D. 598 (N.D. Ill. 1999) ......................................................................... 9

*Gerber v. First Horizon Home Loans Corp.*, 2006 WL 581082 (W.D. Wa., Mar. 08, 2006). ...... 15

*Henness v. Hunt*, 272 A.D. 2d 756 (N.Y.A.D. 3 Dept. May 18, 2000) ........................................ 15

*IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 2007 WL 164603 (N.D. Ill. Jan 12, 2007). 2, 3

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig'n*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001) ....................................................................................................................................... 13

*Indiana Bank & Trust Co. v. Perry,* 467 N.E. 2d 428 (Ind. App. 1 Dist. 1984).........................11

*Ingersoll v. Klein*, 46 Ill. 2d 42, 262 N.E. 2d 593 (Ill.1970)...........................................................10

*International Administrators, Inc. v. Life Ins. Co. of N. Am.*, 753 F. 2d 1373 (7th Cir.1985).......9

*Jean v. Dugan*, 20 F. 3d 255 (7th Cir. 1994) ................................................................................9

*Kaplan v. Shure Bros, Inc.*, 266 F. 3d 598 (7th Cir. 2001)............................................................3

*Kolupa v. Roselle Park Dist.*, 438 F.3d 713 (7th Cir. 2006)...........................................................3

*Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.*, 946 F. Supp. 1358 (N.D. Ill. 1996) .............11

*Lochinvar Corp. v. Meyers*, 930 S.W.2d 182 (Tex. App.-Dallas 1996)........................................13

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, (7th Cir. 1997) ......................................................12

*Mackinac v. Arcadia Nat'l Life Ins. Co.*, 271 Ill. App. 3d 138, 648 N.E. 2d 237 (Ill. App. 1st Dist. 1995) ........................................................................................................................................5

*Marathon Petroleum Co. v. 23 & Romeo Station Corp.*, 2006 WL 2521438 (E.D. Mich. Aug. 30, 2006) ...........................................................................................................................................15

*Marino v. Maytag Atlantic Co.,* 141 N.Y.S. 2d 432 (N.Y. Mun. Ct. 1955) ..................................12

*Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732 (7th Cir. 1990) ................14

*Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847 (N.D. Ill. 2006)...................4, 5, 7, 14

*Panda Capital Corp. v. Kopo Int'l, Inc.*, 242 A.D. 2d 690, 662 N.Y.S. 2d 584 (N.Y. A.D. 1997) ..............................................................................................................................................13

*Pappas v. Pella Corp.*, 363 Ill. App. 3d 795, 844 N.E. 2d 995 (Ill. App. 1st Dist. 2006), *app. denied*, 221 Ill. 2d 643, 857 N.E.2d 674 (2006) ..........................................................................5

*Pavicich v. Santucci*, 85 Cal. App. 4th 382 102 Cal. Rptr. 2d 125, 137 (Cal.App. 6 Dist. 2000) 11

*Peddinghaus v. Peddinghaus*, 295 Ill. App. 3d 943, 692 N.E.2d 1221 (Ill. App. 1st Dist. 1998) 14

*Playboy Enterprises, Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W. 3d 250 (Tex. App.-Corpus Christi 2006)....................................................................................................................11

*Podolsky v. First Helathcare Corp.*, 50 Cal.App. 4th 632, 58 Cal. Rptr. 2d 89 (Cal. App. 2 Dist. 1996) ............................................................................................................................................8

*Powell v. McCormick*, 395 U.S. 486 (1969) ................................................................................16

*QuikPac, Inc. v. Reynolds-Freeborn Co*, 2005 WL 1939996 (S.D. Ind. Jul. 18, 2005)...............14

*Richards v. Delta Airlines, Inc.*, 453 F.3d 525 (D.C. Cir. 2006) ................................................16

*Saltzman v. Pella Corp.*, 2007 WL 844883 (N.D. Ill. Mar. 20, 2007).........................................10

*Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 93 Cal. Rptr. 2d 439 (Cal. App. 1 Dist. 2000). 8, 9

*Shoop v. Daimler Chrsyler Corp*, __N.E. 2d__, 2007 WL 624092 (Ill. App. 1st Dist. Feb. 28, 2007), *reh'g denied* (Mar 29, 2007) ........................................................................................12

*Smith v. General Motors Corp.*, 979 S.W. 2d 127, 128 (Ky. App.1998) ....................................11

*Special Force Ministries v. WCCO Television*, 584 N.W. 2d 789 (Minn. App. 1998) ................11

*Strawn v. Canuso*, 638 A. 2d 141 (N.J. Super. A.D. 1994), *aff'd*, 657 A. 2d 420 (N.J. 1995)..... 11

*Strzakowlski v. General Motors Corp.*, 2005 WL 2001912 (D.N.J. Aug. 16, 2005).................... 13

*Swersky v. Dreyer & Traub*, 219 A.D. 2d 321, 643 N.Y.S. 2d 33 (1996) .................................... 11

*Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Gr.*, 2006 WL 2788369 (D.N.J. Sep. 27, 2006) ....................................................................................................................................................... 15

*TSC Indus. v.  Northway, Inc.*, 426 U.S. 438 (1976) ..................................................................... 4

*Vielbig v. USA Janitorial, Inc.*, 2001 WL 50890 (Minn. App. Jan. 23, 2001) ............................ 15

*W.W. Vincent and Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 814 N.E. 2d 960, 969 (Ill. App. 1st Dist. 2004)............................................................................................................. 11

*White v. Daimler Chrysler Corp.*, 856 N.E.2d 542, 368 Ill. App. 3d 278 (1st Dist. 2006) ........ 4, 6

*Wildey v. Springs*, 47 F. 3d 1475 (7th Cir. 1995) ........................................................................ 10

*Wolff v. Ampacet Corp.*, 284 Ill. App. 3d 824, 673 N.E.2d 745 (Ill. App. 1st Dist. 1996).......... 14

**Statutes**

28 U.S.C. § 2201 ........................................................................................................................... 15

28 U.S.C. § 2201(a) ...................................................................................................................... 15

810 ILCS 5/2-607 .......................................................................................................................... 13

Cal. Civ. Code 1750 *et seq.*............................................................................................................ 7

Ind. Code. § 26-1-1-201(25) ......................................................................................................... 13

M.C.L.A. 440.1201(25) ................................................................................................................. 13

McKinney's Uniform Commercial Code § 1-201(25)...................................................................... 13

Minn.Stat. § 336.1-202(a)(25) ...................................................................................................... 13

N.J.S.A. § 12A:1-201(25).............................................................................................................. 13

V.T.C.A., Bus. & C. § 1.201(a) ...................................................................................................... 13

Wa.St.Ann. 62A.1-205(25)............................................................................................................ 13

## I.   **INTRODUCTION**

This is a case about Sears Roebuck & Co.'s ("Defendant" or "Sears") non-disclosure of

mechanical defects in HE Series Washing Machines ("HE Series"), and damages incurred as a

result of those non-disclosures.  Plaintiffs seek monetary damages and injunctive relief.

On December 19, 2006, Plaintiffs filed case No. 06 CV 7023. ("Munch Compl't").  On

January 22, 2007, Plaintiffs filed case No. 07 CV 412. ("Seratt Compl't").  On March 7, 2007,

after a finding of relatedness, both cases were brought before this Court.  Before any motion for

class certification was filed, and before any discovery was had, on March 26, 2007, Defendant

filed its Motion to Dismiss ("MTD"), concurrent with its Motion to Strike ("MTS").

## II.   **FACTS**

Plaintiffs individually own and seek to represent a ten State class of owners of HE Series

machines as well as an additional 23(b)(2) class.  (Munch Compl't ¶¶ 39-40, Seratt Compl't. ¶¶

40-41, 60).  Plaintiffs experienced defects with their machines similar, if not identical, to each

other and members of the proposed class.  (Munch Compl't ¶¶ 22, 26, 29, 33, 35, Seratt Compl't.

¶¶ 22, 26, 29, 32, 36).  The defects include repeated mechanical failure, control panel failure and

mold and mildew issues. (Munch Compl't ¶ 15, Seratt Compl't. ¶ 15).  Sears actively concealed

the defects while it knew or should have known they existed.  (Munch Compl't ¶ 2, 13-19, Seratt

Compl't. ¶ 2, 13-19).  Even as complaints poured in, Defendant continued to actively conceal the

defect, for example, blaming the "mechanical failures on soap, water issues or other conduct" by

consumers. (Munch Compl't ¶ 15, 51, Seratt Compl't. ¶ 15, 52).  Sears tried to force-sell

extended warranties when the defects manifested itself outside the warranty period, profiting

from the misfortune of Plaintiffs and the class.  (Munch Compl't ¶ 52, Seratt Compl't. ¶¶ 53).

Sears' own records establish the widespread defect: *at least* 22,987 HE Series owners

have had electronic control board repairs, and 15,538 have had mold issues.  Based on Sears'

1

own cherry-picked data, consumers of these high-end machines have a 1 in 50 chance of experiencing a defect in the first year. (Namnick Aff., Tables 3, 6, MTS, Exhibit 1). After the warranty expired (not reflected in the Namick Affidavit), the rates are presumably greater.

III.    **ARGUMENT**

    A.    **PLAINTIFFS MAY PURSUE THEIR CLAIMS UNDER THE ICFA**

        1.    **Plaintiffs Each Have Standing to Seek Relief Under the ICFA**

Defendant, an Illinois resident, claims that only other Illinois residents may challenge its conduct under the ICFA. Defendant bases its argument on *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 187, 835 N.E. 2d 801 (Ill. 2005)). However, this Court recognized that *Avery* is not so narrow. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 2007 WL 164603 *3 (N.D. Ill. Jan 12, 2007). *Avery* recognized that the ICFA was intended to have extraterritorial application, particularly when Illinois corporations are wrongdoers:

> If, for example, the bulk of the circumstances that make up a fraudulent transaction occur within Illinois, and the only thing that occurs out-of-state is the injury or deception, it seems to make little sense to say that the fraudulent transaction has occurred outside Illinois. . . . Accordingly, we hold that a plaintiff may pursue a private cause of action under the Consumer Fraud Act if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois. In adopting this holding, we recognize that there is no single formula or bright-line test for determining whether a transaction occurs within this state. Rather, each case must be decided on its own facts.

216 Ill. 2d at 186-87, 835 N.E. 2d at 853-54.

Accordingly, when a corporate defendant is merely based in Illinois, but little else ties the case to Illinois, *Avery* and the progeny cited by Defendant recognizes that the ICFA does not reach foreign plaintiffs. However, Plaintiffs in this case allege far more. Not only is Defendant headquartered in Illinois, but substantial and common acts primarily responsible for the injury to each Plaintiff were centered in Illinois. Every relevant decision regarding the approval to sell the machines and the warranties was made in Illinois. (Seratt Compl't. ¶ 60). "[T]he fraud alleged

was conceived, executed and emanated from Sears senior management in Illinois." (*Id.*).

Customers with warranty claims—like Plaintiffs—must contact Illinois, where their warranty

coverage is regularly denied. (*Id.*) The only element unique to each consumer is the purchase of

the machine and eventual payment for repairs—because they were denied warranty coverage, as

a result of warranty practices originating in Illinois.

Unlike *Avery*, which was decided based upon a complete record, Plaintiffs do not have

the benefit of discovery to fully articulate the extent and nature of the conduct emanating from

Illinois. *Cf. Kaplan v. Shure Bros, Inc.*, 266 F. 3d 598, 601 (7th Cir. 2001). Because alternative

relief is sought under the respective consumer protection laws of the states of residence for each

of the plaintiffs, *including* Illinois, it would be premature to deny standing for only some of the

plaintiffs to seek relief under the ICFA, and it would offer no apparent benefit to the litigation.

## 2. Plaintiffs Have Adequately Described Defendant's Fraud Against Its Consumers

Defendant argues that Plaintiffs have not adequately pled their fraud claims pursuant to

Rule 9 of the Federal Rules of Civil Procedure.[1] Initially, "Rule 9(b) does not negate the general

pleading requirements of Rule 8 (*viz* a short, plain statement of a claim and simple, concise,

direct allegations.)" *Coca-Cola Co. Foods Div. v. Olmarc Pakaging Co.*, 620 F.Supp. 966, 973

(N.D. Ill. 1985). Rather, "the balance between Rule 9(b) and 8 requires [a plaintiff] to plead the

particularities of the fraud (time, place and contents), but does not require [a plaintiff] to plead

evidence." *Id.* Plaintiffs exceeded this standard.

---

[1]     The remainder of Plaintiffs' claims are only subject to the notice pleading requirements of Rule 8. "We accept all the factual allegations in the complaint and draw all reasonable inferences from these facts in favor of the plaintiff." *Arazie v. Mullane*, 2 F. 3d 1456, 1465 (7th Cir.1993). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In other words, any movant 'tempted to write this complaint is deficient because it does not contain . . . . ' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *IFC Credit Corp.*, 2007 WL 164603, at *1 (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713 (7th Cir. 2006)).

Indeed, allegations which were pled with much less particularity than here have been found sufficient to state a claim for consumer fraud. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E. 2d 584 (Ill. 1996). In *Connick*, a consumer class action concerning automobiles, plaintiffs alleged that the defendant committed consumer fraud by concealing "material facts regarding the Samurai's safety risk." In reversing dismissal of plaintiffs' CFA claim, the Illinois Supreme Court held that the fraud by omission allegations were sufficient:

> Plaintiffs alleged that Suzuki was aware of the Samurai's safety problems, including its tendency to roll over and its inadequate protection for passengers. Plaintiffs further alleged that Suzuki failed to disclose these defects. Finally, plaintiffs alleged that the safety problems were a material fact in that they would not have purchased the vehicles if Suzuki had disclosed the Samurai's safety defects.

*Connick*, 174 Ill. 2d at 505; cited with approval in *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 868 (N.D. Ill. 2006).

Here, as in *Connick*, Defendant knew of the defect in its machines throughout the time it sold the machines to class members. (Munch Compl't ¶ 2, Seratt Compl't. ¶ 2). Defendant failed to disclose the defect and actively concealed it. (Munch Compl't ¶¶ 50-51, Seratt Compl't. ¶¶ 51-52). The omission was material because plaintiffs would not have purchased these machines if they had known about the defect. (Munch Compl't ¶¶ 62-63, 73-74, 85-86, 108-09, 117-19, Seratt Compl't. ¶¶ 63-64, 75-76, 89-90, 102-03, 121-22, 133-34, 142-44). Whether these are material allegations is a question "for the trier of fact." *TSC Indus. v. Northway, Inc.*, 426 U.S. 438, 450 (1976).

Instead of simply alleging a material defect, Defendant would have this Court require Plaintiffs to provide a complete technical description of the problem. This is not required.[2] A

---

[2]     Plaintiffs need only describe what the defect would mean to a purchaser to confirm that the alleged defect was material. See *White v. Daimler Chrysler Corp.*, 856 N.E.2d 542, 368 Ill. App. 3d 278 (1st Dist. 2006). Here, Plaintiffs allege that their clothes are tainted with the smell of mildew and that

"material fact exists where a buyer of a product would have acted differently if it had known about the allegedly omitted information, or where that information is the kind a buyer would be expected to rely on in deciding whether to purchase the product." *Pappas v. Pella Corp.*, 363 Ill. App. 3d 795, 844 N.E. 2d 995, 1001 (Ill. App. 1st Dist. 2006), *app. denied*, 221 Ill. 2d 643, 857 N.E.2d 674 (2006); *see also Muehlbauer*, 431 F. Supp. 2d at 868 (citing to *Connick*).[3]   The fact that the machines were subject to breakdown under normal use, as well as mold and mildew problems, is clearly material to consumers.

### 3.    Defendant Had Full Knowledge of the Defect and the Impact Its Wider Course of Action Had on Consumers

Defendant asserts that Plaintiffs failed to allege facts sufficient to establish Defendant's intent to deceive its customers.  This argument fails.  Indeed, as Defendant's authority shows, there is no requirement for an allegation that a defendant acted with full knowledge of deceit:

> The element of intent is relaxed under the Act and does not mandate that defendant have intended to deceive plaintiff; rather, the misrepresentation or omission may be innocent, as long as it was intended to induce plaintiff's reliance.

*Mackinac v. Arcadia Nat'l Life Ins. Co.*, 271 Ill. App. 3d 138, 648 N.E. 2d 237, 239-40 (Ill. App. 1st Dist. 1995) (citing cases).  Further, under another of the cases cited by Defendant, the allegation that "Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines" (Munch Compl't ¶ 65, Seratt Compl't. ¶

---

they experience periods of inoperability; these are clearly material defects.  To the extent the rates of failure are necessary, under *White*, Defendant already provides that even under a very limited measure (covered warranty claims): *at least* 22,987 HE Series owners have had electronic control board repairs, and 15,538 have had mold issues (*supra*).  Few consumers would pay over $1,000.00 for a new washing machine knowing that there is a greater than 1 in 50 chance that it will cease operation or start smelling.

[3]    To the extent that a technical description of the defect may be necessary to inform Defendant of the problem with its machines, in support of its Motion to Strike, Defendant identified a problem control board for most of the Plaintiffs.  Further, Plaintiffs explain that the failure to drain completely causes the mold and mildew growth. (Munch Compl't ¶ 2, Seratt Compl't. ¶ 2).  Anything further would improperly demand evidentiary proofs.

66) is more than sufficient under the ICFA to establish Defendant's intent.  *White*, 856 N.E. 2d at 549 ("We may infer from plaintiff's allegation that the defendant 'intentionally concealed facts from Plaintiff and the Class . . . 'that defendant intended for plaintiff to rely on its concealment'"").

Indeed, Plaintiffs allege far more than is required under the Act, and far more than Defendant admits.  Only part of Defendant's wrongdoing is its concealment.  Even as high levels of complaints continued to pour in from consumers, Defendant continued to actively conceal the defect, blaming the "mechanical failures on soap, water issues or other conduct" by the consumers."  (Munch Compl't ¶ 51, Seratt Compl't. ¶ 52).  Furthermore, "as part of the scheme, after the warranty period had expired Defendant marketed extended warranties for hundreds of dollars, thus further attempting to profit from the misfortune of Kenmore HE Series Washer purchasers."  (Munch Compl't ¶ 52, Seratt Compl't. ¶ 53).  Defendant's knowledge of the defect and the harm it was causing Plaintiffs and the class throughout this scheme is unequivocal.[4]

**B.      Plaintiffs' Claims Under the Consumer Laws of Other States Are Fully Alleged**

Defendant principally raises the same challenges that it raised to the adequacy of the allegations under the ICFA against the consumer protection laws of other jurisdictions.  For the aforementioned reasons, these same challenges must fail.  However, for Indiana, California and Washington, Defendant raises unique challenges.  Each is unfounded.

**1.      Indiana Law Condemns Defendant's Wrongdoing**

Defendant argues its conduct does not violate Indiana law because Indiana law requires an oral or written deception.  Defendant's argument is misplaced.

---

[4]      To the extent this Court finds that any necessary allegations are missing or lacking specificity, Plaintiffs should be permitted to amend the pleadings.

Indiana law specifically prohibits a seller from communicating that the subject of a consumer transaction is of a particular standard or quality if it is not and the seller knew or reasonably should have known it is not.  Ind.Code § 24-5-0.5-3(2).  Advertisements alone can support a deceptive practices claim.  *McCormick Piano & Organ Co., Inc. v. Geiger*, 412 N.E.2d 842, 847 (Ind.Ct.App.1980).  A defendant need not make fraudulent representations to be held liable.  *Schmidt Enterprises, Inc. v. State*, 354 N.E.2d 247, 253 (Ind.Ct.App.1976).

Plaintiffs allege misrepresentations and non-disclosure of the known defects by Sears during the consumer transaction – the purchase, service contacts, sales pitches for extended warranties.  These allegations raise questions of fact as to what Sears knew and communicated to the class.  Moreover, Sears can not deny having contacts with plaintiffs through oral and written means when Sears denied the Indiana Plaintiff's warranty claim.  (Munch Compl't ¶¶ 25, 27).[5]

## 2.    California Law Condemns Defendant's Wrongdoing

Defendant argues that it did not violate California's UCL because its scheme to defraud consumers by selling defective machines and extended warranty coverage is neither unlawful nor unfair, nor fraudulent.  To the contrary, it is all three.

Defendant's conduct is unlawful in violation of the UCL because it runs afoul of the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code 1750 *et seq*.  The CLRA does not require that a plaintiff allege the elements of fraud, such as a duty to disclose, but only the likelihood of deception.  *See Muehlbauer*, 431 F. Supp. 2d at 860-61.  Plaintiffs allege exactly this.  (Seratt Compl't. ¶¶ 106, 108).[6]

---

[5]    Defendant appears to make a similar argument regarding the Michigan Consumer Protection Act, but without any legal citation.  To the extent that Defendant simply failed to fully develop the same argument in support of its Motion regarding the Michigan Law, it has absolutely no legal support and similarly fails.

[6]    To the extent a "duty to disclose" is necessary, Plaintiffs have alleged facts sufficient to establish such a duty.  Indeed, California law imposes a duty to disclose in a case like this one "where the

Defendant actively conceals a defect in its product; this is "unfair" under the UCL:

> "unfairness" is an equitable concept that cannot be mechanistically determined under the relatively rigid legal rules applicable to the sustaining or overruling of a demurrer . . . [T]he determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.

*Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 93 Cal. Rptr. 2d 439 (Cal. App. 1 Dist. 2000).  As alleged, Defendant's deceit about the defect, and wider scheme left Plaintiffs with machines that were unfit to clean – there is no benefit.  In an effort to justify its misconduct, Defendant merely argues that it acted no less "fairly" than the defendant in *Bardin v. DaimlerChrysler Corp.,* 136 Cal. App. 4th 1255, 39 Cal. Rptr. 3d 634 (Cal. App. 4 Dist. 2006).  The court in *Bardin* found that the plaintiff "did not allege [defendant] made *any* representations regarding the [defect]," tying the wrong to some policy concern.  39 Cal. Rptr. 3d at 643 (emphasis added).  Here, Defendant is accused of making affirmative statements in response to warranty claims as part of a wider scheme to conceal and profit from the defect.  Indeed, unlike in *Bardin*, Plaintiffs have articulated several reasons that Defendant's conduct is illegal (*supra*) and, accordingly, tethered to clearly articulated laws, unfair.

Finally, consumer remedies under the UCL are distinct from common law actions for fraud or deception. "A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.  Instead, it is only necessary to show that members of the public are likely to be deceived." *Podolsky v. First Helathcare Corp.*, 50 Cal.App. 4th 632, 647-48, 58 Cal. Rptr. 2d 89 (Cal. App. 2 Dist. 1996).  Even true statements

---

defendant makes partial representations, where the facts are known only to the defendant, and the Defendant knows they are not reasonably discoverable by the plaintiff." Def. Br. 15 (citing *Warner Constr. Corp. v. City of L.A.*, 466 P. 2d 996, 1001 (Cal. 1970)).  Plaintiffs have alleged just this.  (Serrat Compl't ¶¶ 2, 13, 18, 52, 54).

may be actionable if they may also be misleading.  *Day v. AT&T Corp.*, 63 Cal. App.4th 325,

332-333, 74 Cal. Rptr. 2d 55 (Cal. App. 1 Dist. 1998).  Furthermore, what is deceptive or

fraudulent is necessarily fact-intensive and not amenable to a ruling on the pleadings.  *Schnall*,

78 Cal. App.4th at 1167.   Far exceeding such a standard, Plaintiffs have fully articulated claims

that satisfy the far more rigorous standards of the ICFA and common law fraud.

### 3.    Washington Law Condemns Defendant's Wrongdoing

Defendant argues that the claim under the Washington Consumer Protection Act fails

because it has no duty to disclose in that state.  Defendant's own brief shows that it is incorrect; a

duty to disclose exists "where a seller has knowledge of a material fact not easily discoverable by

the buyer."  *Bison Media, Inc. v. KTSL, Inc.*, 115 Wash. App. 1045 (Wash. App. Div. 3, 2003);

Serrat Def. Br. 19 n. 20.  This is just what Plaintiffs allege.   (Serrat Compl't ¶¶ 52-4.).

### C.    ILLINOIS LAW APPLIES TO PLAINTIFFS' COMMON LAW CLAIMS

Defendant argues that Illinois law can only apply to the claims of its Illinois consumers.

(MTD at 14-15).  Initially, a conflict of law analysis, particularly at such an early juncture, need

not be made if the choice of law would change the outcome of the suit.  See *Jean v. Dugan*, 20 F.

3d 255, 260 (7th Cir. 1994); *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F. 2d 195, 198 (7th

Cir. 1992).  Identifying no conflict warranting the difficulties of a choice of law, the Court

should apply its own law.  *International Administrators, Inc.  v. Life Ins. Co. of N. Am.*, 753 F.

2d 1373, 1376 n. 4. (7th Cir.1985); *see also Garner v. Healy*, 184 F.R.D. 598, 605 n. 8 (N.D. Ill.

1999) (delaying the choice of law analysis until such time as a true choice is presented to the

court).  Defendant points to no unique feature of the law of any State which would result in an

outcome different from the application of Illinois law.

Even if an analysis were to be conducted, Illinois law should still control.  Illinois courts

apply the law of the jurisdiction with the "most significant relationship" to the dispute and the

parties. *Wildey v. Springs*, 47 F. 3d 1475, 1481-83 (7th Cir. 1995) (citing *Ingersoll v. Klein*, 46 Ill. 2d 42, 262 N.E. 2d 593, 596 (Ill.1970)).  Several factors are relevant to this determination, including the place where the injury occurred, the place where the conduct occurred, the domicile, nationality, place of incorporation, and place of business of the parties, and the place where the relationship of the parties is centered. *Ingersoll*, 262 N.E. 2d at 596.  As discussed above, the great weight of conduct causing harm to Plaintiffs and other consumers is centered in and returns to Illinois.

### D.   UNDER COMMON LAW FRAUD DEFENDANT WAS OBLIGED TO DISCLOSE EXISTENCE OF THE DEFECT

Defendant argues that, absent a duty to disclose the defect, it may not be liable for fraudulent concealment and, as a manufacturer and retailer, it has no duty to consumer to disclose the existence of a material defect in its products.  Defendant is incorrect; it may not legally and actively sell defective goods without admitting to the defect.[7]

Initially, Plaintiffs allege that Defendant had a duty to disclose the existence of the defect. (Munch Compl't ¶ 51, Seratt Compl't. ¶ 52); *Coca-Cola*, 620 F.Supp. at 974 ("On a motion to dismiss, the facts alleged by [plaintiff] are taken as true.  Thus, the only argument the Court can consider is whether [plaintiff] has alleged that [defendant] had a duty to disclose[.]").  Defendant need only be in "position of superiority" to owe a duty to its consumers to disclose material defects.  *Connick*, 675 N.E. 2d at 593; *see also Saltzman v. Pella Corp.*, 2007 WL 844883, * 3 (N.D. Ill. Mar. 20, 2007).  Plaintiffs have alleged just that.

Defendant's active concealment was part of a course of conduct, including affirmative representations, that constitutes fraud.  (Munch Compl't ¶ 51, Seratt Compl't. ¶ 2, 13, 18, 52,

---

[7]    Defendant also argues that Plaintiffs' fraud claim should be dismissed for the same reasons Plaintiffs' statutory fraud claims should be dismissed.  These arguments fail.  *See* Sections A & B, *supra*.

54). Defendant, having superior knowledge of the defects, had a duty to disclose them if it chose to market and sell the machines. *See W.W. Vincent and Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 814 N.E. 2d 960, 969 (Ill. App. 1st Dist. 2004) ("The concealment of a material fact during a business transaction is actionable if done 'with the intention to deceive under circumstances creating an opportunity and duty to speak"); *Coca-Cola*, 620 F. Supp. at 973 (stating that a duty to disclose arises "when the defendant's acts contribute to the plaintiff's misapprehension of a material fact and the defendant intentionally fails to correct plaintiff's apprehension"); *Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.*, 946 F. Supp. 1358, 1366 (N.D. Ill. 1996) ("silence accompanied by deceptive conduct or suppression of material facts results in active concealment" by a manufacturer and is actionable fraud by omission).[8]

Plaintiffs' allegations establish a requirement to disclose the defects. As Defendant concedes, "whether such a duty [to disclose] exists is a question of fact." (MTS at 23).

### E.   PLAINTIFFS MAY PURSUE THEIR IMPLIED WARRANTY CLAIM

Defendant argues that Plaintiff's implied warranty claims should be dismissed for two reasons.[9] First, it claims that a washing machine that has mold problems and frequently ceases

---

[8]     The other jurisdictions raised by Defendant are in accord. *See Pavicich v. Santucci*, 85 Cal. App. 4th 382, 398, 102 Cal. Rptr. 2d 125, 137 (Cal.App. 6 Dist. 2000); *Indiana Bank & Trust Co. v. Perry*, 467 N.E. 2d 428, 431 (Ind. App. 1 Dist. 1984); *Smith v. General Motors Corp.*, 979 S.W. 2d 127, 128 (Ky. App.1998); *Strand v. Librascope, Inc.*, 197 F. Supp. 743 (E.D. Mich. 1961); *Special Force Ministries v. WCCO Television*, 584 N.W. 2d 789, 792 (Minn. App. 1998); *Strawn v. Canuso*, 638 A. 2d 141, 149 (N.J. Super. A.D. 1994), *aff'd*, 657 A. 2d 420 (N.J. 1995); *Swersky v. Dreyer & Traub*, 219 A.D. 2d 321, 327-328, 643 N.Y.S. 2d 33 (1996); *Playboy Enterprises, Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W. 3d 250, 260 (Tex. App.-Corpus Christi 2006); *Brinkerhoff v. Campbell*, 99 Wash. App. 692, 698, 994 P. 2d 911 (Wash. App. Div. 1, 2000).

[9]     As regards Plaintiff Papeleo only, Defendant argues that his claim for breach of implied warranty should be dismissed because he lacks privity with Kenmore. However, the case relied on by Defendant, *Atkinson v. Elk Corp. of Texas*, 142 Cal. App. 4th 212, 48 Cal. Rptr. 3d 247 (Cal.App. 6 Dist. 2006), recognizes and applied an exception to this slowly vanishing rule. When, as in the instant case, express warranty was made as to the quality of a product, an action for breach of implied warranty may follow regardless of the formalities of privity. *Id.* at 229, 258; *see also Collum v. Pope & Talbot, Inc.*, 135 Cal. App. 2d 653, 656-57, 288 P. 2d 75, 78 (Cal. App. 1 Dist. 1955).

operation is, *as a matter of law*, fit to clean clothes.  Second, for select jurisdictions (not including Illinois), Defendant argues that it did not receive adequate notice of the defect before suit.  Neither argument is availing.

### 1.    The Defects Render The Machines Unmerchantable.

Defendant misstates the law of implied warranty and overreaches by arguing a washing machine that has mold/mildew problems and regularly ceases operation is merchantable.  Simply put, a washing machine with these defects is "unmerchantable."  *See Marino v. Maytag Atlantic Co.,* 141 N.Y.S. 2d 432, 438 (N.Y. Mun. Ct. 1955).  The fact that the machine will sometimes run, or not always taint clothing, does not change this conclusion.  *See Id.*  In reversing a grant of summary judgment, the Court of Appeals of Illinois highlighted the kinds of situations that must be left for the jury in breach of warranty claims:

> In *Mattuck*, the court rejected the defendant's argument that the implied warranty of merchantability was not breached when the plaintiff drove the vehicle almost 100,000 miles because the testimony established that the plaintiff had the vehicle serviced no less than six times. In addition, in *Check*, the court held that the jury could have concluded that a defective paint job on a new car rendered it unmerchantable. . . .

*Shoop v. Daimler Chrsyler Corp*, __N.E. 2d__, 2007 WL 624092, at *6 (Ill. App. 1st Dist. Feb. 28, 2007), *reh'g denied* (Mar 29, 2007).  Here, Plaintiffs raise questions of fact about the fitness of Defendant's machines, which are supported by Defendant's Namnick Affidavit; Defendant's motion to dismiss should be denied.

### 2.    Defendant was on notice as to its breach of warranty

Defendant argues that the warranty claims cannot proceed because Plaintiffs have not alleged giving "pre-suit notice."  This argument fails.  Notice requirements are matters of procedure which will not prevent a class action from proceeding.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346-347 (7th Cir. 1997).

Regardless, Defendant knew, through "its own business records . . . that the Kenmore HE Series Washing Machines were not merchantable with a reasonable time after the latent defect manifested itself to Plaintiffs and the class." (Munch Compl't ¶ 125, Seratt Compl't. ¶ 150). Additionally, Plaintiffs called to report the failure of their machines. (Munch Compl't ¶ 23, 27, 30, 36; Seratt Compl't. ¶ 23, 12, 17, 22). For all jurisdictions at issue, this is sufficient notice. In Illinois, notice is met where the seller either (i) has actual knowledge of the defect of the particular product, <u>or</u> (ii) has been reasonably notified by the filing of the buyer's complaint alleging a breach of warranty. 810 ILCS 5/2-607; *Connick*, 174 Ill. 2d at 493-94. *See also Buff v. Giglio*, 304 A. 2d 771, 773 (N.J. Super. A.D. 1973) (repeated complaints); *Cliffstar Corp. v. Elmar Indus., Inc.*, 678 N.Y.S. 2d 222, 223 (N.Y. App. Div. 4 Dept. 1998) (same); *Baum v. Murray*, 162 P. 2d 801, 806-07 (Wash. 1945) (no particular form is mandated); *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 190 (Tex. App.-Dallas 1996) (mere expression of dissatisfaction sufficient).[10]   Moreover, as Defendant concedes in a footnote, notice under the Uniform Commercial Code ("UCC") may be satisfied by a timely filed suit. (Munch Def. Br. at 21 n. 24).[11]   Finally, sufficiency of notice is typically left to the jury. *See Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 190 (Tex.App.-Dallas 1996). The motion to dismiss should be denied.

---

[10]    Indeed, the UCC, as adopted by the jurisdictions at issue, provide that notice need not be formal, but may be established simply when, "from all the facts and circumstances known to the person at the time in question, has reason to know that it exists." Ind. Code. § 26-1-1-201(25) (Indiana); M.C.L.A. 440.1201(25) (Michigan); Minn.Stat. § 336.1-202a(25) (Minnesota); N.J.S.A. § 12A:1-201(25) (New Jersey); McKinney's Uniform Commercial Code § 1-201(25) (New York); V.T.C.A., Bus. & C. § 1.201(a) (Texas); Wa.St.Ann. 62A.1-205(25) (Washington).

[11]    Other jurisdictions are in accord. *Strzakowlski v. General Motors Corp.*, 2005 WL 2001912 (D.N.J. Aug. 16, 2005); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig'n*, 155 F. Supp. 2d 1069, 1110  (S.D. Ind. 2001); *Panda Capital Corp. v. Kopo Int'l, Inc.*, 242 A.D. 2d 690, 692, 662 N.Y.S. 2d 584, 586 (N.Y. A.D. 1997). Defendant cites only to Massachusetts and Vermont law in arguing that initiation of litigation is not "notice" of a complaint. Neither Massachusetts nor Vermont law are relevant.

F.      **PLAINTIFFS' STATE CLAIMS FOR UNJUST ENRICHMENT**

Defendant argues that Plaintiffs' unjust enrichment claim should be dismissed for two reasons.  First, because Defendant claims it committed no wrong, any enrichment is not unjust.  This is an issue of fact for a jury.  "[A court] cannot say as a matter of law that it is [unjust], nor can we say the opposite.  But we can say that a reasonable jury . . .  could find the facts indicative of what the words 'unjust' and 'inequitable' stand for.  And that is all we need say to uphold the district court."  *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 738 (7th Cir. 1990).  Plaintiffs plainly allege an ongoing scheme of deception, concealment and profiteering through the sale of defective machines and extended warranty plans; reasonable minds could conclude that Defendant's conduct is unjust.

Second, Defendant argues that the existence of the warranty bars an unjust enrichment claim.  This is incorrect.  "Mere invocation of a written contract does not automatically bar an unjust enrichment claim."  *Muehlbauer*, 431 F. Supp. 2d at 856 (applying laws of multiple states).  To the contrary, the Court must find that the dispute is fully covered by a contract.  *Id*. at 855.  Without such a finding, dismissal of an unjust enrichment claim would be improper.  *Emergency Care and Health Organization, Ltd. v. Trinity Med. Ctr.,* 2001 WL 34142437, at *4 (Ill. App. 3rd Dist. Dec. 12, 2001).  Additionally, courts have allowed unjust enrichment claims to stand where, as here, a contract may exist, but tortious conduct is also alleged.  *Peddinghaus v. Peddinghaus*, 295 Ill. App. 3d 943, 949, 692 N.E.2d 1221 (Ill. App. 1st Dist. 1998) (citing *Wolff v. Ampacet Corp.*, 284 Ill. App. 3d 824, 829, 673 N.E.2d 745 (Ill. App. 1st Dist. 1996)); *Pella*, 844 N.E. 2d at 1000.[12]

---

[12]     The jurisdictions singled out by Defendant are in accord, both because of the wider allegations of wrongdoing and the declaratory challenge to Defendant's warranty.  *QuikPac, Inc. v. Reynolds-Freeborn Co*, 2005 WL 1939996 (S.D. Ind. Jul. 18, 2005) (citing *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001)); *City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex.

The warranty does not govern Plaintiffs' claims of unjust enrichment; Defendant's motion to dismiss should be denied.

### G.   DECLARATORY JUDGMENT IS NECESSARY AND APPROPRIATE TO MAKE PLAINTIFFS AND THE CLASS WHOLE

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) requires an actual controversy for legal determination.  Here, an actual controversy regarding the warranty is established by the Namnick Affidavit.  Sears' records show that five Named Plaintiffs, Munch, Barnes, Seratt, Jarasho and L'Hommedieu, had an electronic control board replaced.  (Namnick Aff. ¶6).  Sears denied their warranty claims, stating that the one year time limit on their warranties had lapsed, (Munch Compl't ¶¶ 23, 33; Seratt Compl't ¶¶ 23, 27, 37), despite the fact that Sears admits it provides a two year warranty on the electronic control board.  (Namnick Aff. ¶ 8). Consequently, an actual controversy exists on the pleadings as to the warranty time limits, application of those limits, and denied claims.  See 28 U.S.C. § 2201; (Munch Compl't ¶ 139; Seratt Compl't ¶ 164).  Sears application of the time condition of the warranty negates coverage and therefore the improperly applied condition needs to be stricken.

Moreover, Defendant does not challenge the propriety of Plaintiffs seeking a declaration about their rights under the warranty.  Rather, Defendant argues that damages will suffice.  This is misleading and is factually and legally unfounded.  First, without the repair programs sought, Defendant would be immunized from liability for the continuing repairs necessitated by the defect.  Thus, unlike *Richards*, continuing monetary losses are threatened.  *Richards v. Delta*

---

App.-Corpus Christi 1987); *ADT Security Services, Inc. v. Hawa*, 2005 WL 2878161, at *5 (Tex. App.- Beaumont Nov. 3, 2005); *Billfish, Inc. v. Campbell*, 1999 WL 455014, at *1 (9th Cir. Jun. 29, 1999) (California law); *Marathon Petroleum Co. v. 23 & Romeo Station Corp.*, 2006 WL 2521438, at *4 (E.D. Mich. Aug. 30, 2006); *Cougler v. Fackler*, 510 S.W. 2d 16, 18 (Ky. 1974); *Vielbig v. USA Janitorial, Inc.*, 2001 WL 50890, at *3 (Minn. App. Jan. 23, 2001); *Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Gr.*, 2006 WL 2788369, at *5 (D.N.J. Sep. 27, 2006); *Henness v. Hunt*, 272 A.D. 2d 756, 758 (N.Y.A.D. 3 Dept. May 18, 2000); *Gerber v. First Horizon Home Loans Corp.*, 2006 WL 581082, at * 2 (W.D. Wa., Mar. 08, 2006).

*Airlines, Inc.*, 453 F.3d 525, 531 n.6 (D.C. Cir. 2006).  Second, contrary to Defendant's bald

assertion, the existence of injunctive or legal relief is not a bar to declaratory action.  *See Powell*

*v. McCormick*, 395 U.S. 486, 518 (1969).  Defendant's motion to dismiss the declaratory relief

count should be denied.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

DATED:  May 3, 2007                     Respectfully submitted,

                                        **Class Plaintiffs,**

                                        By:_____s/Eric C. Brunick_____
                                              One of Their Attorneys

                                            Paul M. Weiss
                                            George K. Lang
                                            Eric C. Brunick
                                            Matthew Sheynes
                                            **FREED & WEISS LLC**
                                            111 West Washington Street, Suite 1331
                                            Chicago, Illinois  60602
                                            (312) 220-0000
                                            paul@freedweiss.com
                                            george@freedweiss.com
                                            ericb@freedweiss.com
                                            matt@freedweiss.com

Christopher A. Seeger                    Jonathan Shub
David R. Buchanan                        Scott Alan George
**SEEGER WEISS LLP**                     **SEEGER WEISS LLP**
One William Street                       1200 Walnut Street
New York, New York  10004                5th Floor
(212) 584 0700                           Philadelphia, Pennsylvania 19107
                                         (610) 453-6551

John A. Yanchunis
Mark Fistos
**JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A.**
3301 Thomasville Road
Suite A 200
Tallahassee, Florida  32308
(850) 325-2680

Tod Aronovitz
Steven R. Jaffe
**ARONOVITZ TRIAL LAWYERS**
Museum Tower, Suite 2700
150 West Flagler Street
Miami, Florida  33130
(305) 372-2772

## CERTIFICATE OF SERVICE

The undersigned, an attorney, affirms that he served a copy of the attached pleading pursuant to Fed. R. Civ. P. 5(b)(2)(D) upon:


Bradley B. Falkog
Brad Eric Rago
**Barnes & Thornburg**

One North Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313
bfalkof@btwlaw.com
brad.rago@btlaw.com

Peter W. Herzog
**Bryan Cave LLP**

211 North Broadway
Suite 3600
St. Louis, MO 63102
(314) 259-2000
pwherzog@bryancave.com

DATED:  May 3, 2007                    Respectfully submitted,

                                       **Class Plaintiffs,**

                                       By:     s/Eric C. Brunick
                                               One of Their Attorneys

                                           Paul M. Weiss
                                           George K. Lang
                                           Eric C. Brunick
                                           Matthew Sheynes
                                           **FREED & WEISS LLC**
                                           111 West Washington Street, Suite 1331
                                           Chicago, Illinois  60602
                                           (312) 220-0000
                                           paul@freedweiss.com
                                           george@freedweiss.com
                                           ericb@freedweiss.com
                                           matt@freedweiss.com

Christopher A. Seeger
David R. Buchanan
**SEEGER WEISS LLP**
One William Street
New York, New York  10004
(212) 584 0700

Jonathan Shub
Scott Alan George
**SEEGER WEISS LLP**
1200 Walnut Street
5th Floor
Philadelphia, Pennsylvania 19107
(610) 453-6551

John A. Yanchunis
Mark Fistos
**JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A.**
3301 Thomasville Road
Suite A 200
Tallahassee, Florida  32308
(850) 325-2680

Tod Aronovitz
Steven R. Jaffe
**ARONOVITZ TRIAL LAWYERS**
Museum Tower, Suite 2700
150 West Flagler Street
Miami, Florida  33130
(305) 372-2772