IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN MUNCH, LARRY BUTLER, JOSEPH LEONARD, KEVIN BARNES and VICTOR MATOS, individually and on behalf of all others similarly situated; | |
| Plaintiff, | No.: 06 C 7023 |
| v. | Honorable Joan H. Lefkow |
| Sears Roebuck & Co., | |
| Defendant. | |
| BRYAN SERATT, ALAN JARASHOW, DR. STEPHEN PAPALEO, LAUREN CRANE and LAWRENCE L'HOMMEDIEU, individually and on behalf of all others similarly situated; | |
| Plaintiff, | No.: 07 C 412 |
| v. | Honorable Joan H. Lefkow |
| Sears Roebuck & Co., | |
| Defendant. | |

**CONSOLIDATED FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Susan Munch, Larry Butler, Joseph Leonard, Kevin Barnes, Victor

Matos, Bryan Seratt, Alan Jarashow, Dr. Stephen Papaleo, Lauren Crane and Lawrence

L'Hommedieu, individually and on behalf of all others similarly situated, allege as and

for their Class Action Complaint against defendant Sears Roebuck & Co. ("Sears" or

"Defendant"), upon personal knowledge as to themselves and their own acts, and as to all

other matters upon information and belief, based upon, *inter alia*, the investigation made by their attorneys, as follows:

## **INTRODUCTION**

1.      This is a proposed class action brought by Plaintiffs on behalf of themselves and other consumers of Kenmore HE3, HE3t, HE4, and HE4t washing machines (collectively, "Kenmore HE Series Washing Machines"), as defined more fully herein. Plaintiffs and the proposed class purchased Kenmore HE Series.

2.      This action arises out of the sales of Kenmore HE Series Washing Machines that Sears knew or should have known were defective and unreliable while continually marketing the washers as being innovative, cost effective and dependable.  The Kenmore HE Series Washing Machines fail to perform their intended purpose as a durable and suitable home clothes washing machine.  Due to inherent design flaws, Kenmore HE Series Washing Machines repeatedly break down, do not clean clothes effectively, and otherwise fail to perform during normal home use.  Kenmore HE Series Washing Machines fail to circulate and drain completely, resulting in the growth of mold and mildew in the machine, which causes strong, unpleasant odors in the machine and in the clothes "cleaned" in the machine.

3.      Sears' acts and omissions in connection with its sale and delivery of these defective washing machines violates the consumer protection laws of the states of residence of Plaintiffs and the other members of the class, and constitutes common law fraud, breach of implied warranty and unjust enrichment.

## PARTIES

4.      *Susan Munch.*  Plaintiff Susan Munch is a natural person and citizen of Illinois.

5.      *Larry Butler.*  Plaintiff Larry Butler is a natural person and citizen of Indiana.

6.      *Joseph Leonard.*  Plaintiff Joseph Leonard is a natural person and citizen of Minnesota.

7.      *Victor Matos.*  Plaintiff Victor Matos is a natural person and citizen of Kentucky.

8.      *Kevin Barnes.*  Plaintiff Kevin Barnes is a natural person and citizen of Texas.

9.      *Bryan Seratt.*  Plaintiff Bryan Seratt is a natural person and a citizen of Michigan.

10.     *Alan Jarashow.*  Plaintiff Alan Jarashow is a natural person and a citizen of New Jersey.

11.     *Dr. Stephen Papaleo.*  Plaintiff Dr. Stephen Papeleo is a natural person and a citizen of California.

12.     *Lauren Crane.*  Plaintiff Lauren Crane is a natural person and a citizen of New York.

13.     *Lawrence L'Hommedieu.*  Plaintiff Lawrence L'Hommedieu is a natural person and a citizen of Washington.

14.     *Sears Roebuck & Co.*  Defendant Sears Roebuck & Co. is a foreign corporation with its principal place of business in Hoffman Estates, Illinois.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of States different from Defendants.

16.     Venue is proper pursuant to 28 U.S.C. § 1391.  Defendant is subject to personal jurisdiction in the Northern District of Illinois.

## OVERVIEW

17.     Sears marketed and sold a line of front-loading washers, the Kenmore HE Series Washing Machines, throughout the United States.  The machines are used primarily for consumer and household purposes.  Sears sold the machines as part of its trade or business.

18.     Sears marketed the Kenmore HE Series Washing Machines as a product that saved energy and water while providing outstanding cleaning and dependability, and consumers paid a premium for the machines, which were priced at the top of the washing machine market.  Consumers often paid in excess of $1,000.00 for a Kenmore HE Series Washer.

19.     Sears provided an express warranty with Kenmore HE Series Washing Machines that guaranteed, for the first year from the date of purchase, free replacement of parts without labor charge, with a two-year warranty on the electronic control board.

20.     The Kenmore HE Series Washing Machines suffer from electronic control board failure which manifests itself in a variety of ways including, but not limited to, premature and repeated mechanical failure; stopping or not starting; the door remaining locked; and displaying a variety of error codes such as F11 and FdL.  The Kenmore HE Series Washing Machines also suffer from water drainage failure, especially the door seal, which manifests itself in a variety of ways including, but not limited to clothes not being cleaned properly (including clothes being stained); foul odors; and mold and mildew growing in the machines.  Consequently, the machines otherwise do not perform as

durable and dependable washing machines. The Kenmore HE Series Washing Machines as designed do not perform in accordance either with the representations made by Sears or the reasonable expectations of Plaintiffs and class members.

21.     Based upon Plaintiffs' investigation to date, Kenmore HE Series Washing Machines have demonstrated electronic and mechanical failure due to the use of defective, inappropriate, and/or inferior electronic control panels, a.k.a. Central Control Units or CCU's, and defective, inappropriate, and/or inferior relays, an integral component part of the CCU's.

22.     Based on Plaintiffs' investigation to date, Kenmore Series Washing Machines have demonstrated drainage failure resulting in the accumulation of mold and/or mildew in the machine, which in turn results in clothes becoming stained and/or permeated with an unpleasant odor, and the machine in general not meeting the reasonable expectations of a consumer purchasing a washing machine.

23.     Remedy or repair of the defects in the Kenmore HE Series Washing Machines has proven elusive. For example, regarding the CCU failure, Sears technicians have focused on the door lock mechanism or rebalancing the machine which have not rectified the problem and necessitated further service calls. Regarding the failure to properly drain, Sears technicians have suggested consumers run bleach, vinegar or other cleaning solutions through their machines to kill the mold and mildew, *i.e.,* that consumers wash their own washing machines, but this has not rectified the problem.

24.     Plaintiffs' investigation has further revealed that the defects described herein tend to manifest themselves after Sears' express warranty has elapsed, putting owners of Kenmore HE Series Washing Machines in the position of having to pay to repair the

problems. These repairs cost Plaintiffs and the class a significant amount of money; some of the named Plaintiffs have spent over 30%[1] of the purchase price of the machine repairing it. Indeed, Sears used the need for these repairs as a basis for marketing extended warranties on its Kenmore HE Series Washing Machines, generating even more revenue.

25.     Sears received a significant number of complaints regarding the performance of the Kenmore HE Series Washing Machines concerning the problems identified herein, including complaints from named Plaintiffs in this litigation.  The number of complaints Sears received about the defects and problems described herein were far in excess of the number deemed acceptable by reasonable quality control.

26.     Notwithstanding Sears quality control efforts, an unacceptable number of Kenmore HE Series Washing Machines manifest defects in design and/or manufacture.

27.     Sears introduced the Kenmore HE Series Washing Machines in August 2001. From initial production through March of 2007, Sears had sold over 1.5 million Kenmore HE Series Washing Machines.

28.     According to Sears, at least 22,987 HE Series owners have had electronic control board repairs (1.5%), and at least 15,538 have had mold issues (1.0%).[2]

29.     Upon information and belief, electronic industry standards, both those established by the United States government, and those accepted generally in the industry, couch acceptable relay failure rates in terms of 1 failure in a million operations (0.0001%).

30.     Additionally, industrial and commercial front loading washing machines operate relatively free of front load door seal drainage issues.

_____

[1] For example, see Named Plaintiff's Allegations below.

[2] Plaintiffs expect formal discovery to establish a more robust and accurate failure rate in excess of Defendant's current admissions.

31. Sears' failure rate for both electronic and mechanical problems and drainage problems is in excess of industry standards.

32. Each individual failure rate – in excess of the industry norm – would be a material fact to a reasonable consumer purchasing a washing machine, and taken together, reflect the magnitude of Sears' misrepresentations and/or omissions.

33. Despite receiving a high level of complaints about Kenmore HE Series Washing Machines and notwithstanding Sears' superior knowledge of the relatively high incidence of problems, Sears continued to misrepresent Kenmore HE Series Washing Machines as being dependable and providing outstanding cleaning and did not disclose the relatively high likelihood of product defects to its consumers. Sears never disclosed the many claims it received or the high incidence of repair of the Kenmore HE Series Washing Machines, or implemented a recall to correct these problems. Sears omitted critical information and made representations with the intent that consumers rely upon the totality of the message conveyed, *i.e.,* that the Kenmore HE Series Washing Machines were highly dependable and effective, or that the Kenmore HE Series Washing Machines failed at a rate in excess of accepted industry standards.

34. Sears manufactured and sold Kenmore Series HE Series Washing Machines to consumers when it knew or should have known the washers were not dependable and would not withstand normal operation. Kenmore HE Series Washing Machines were not of the standard, quality or grade that Sears represented them to be and were not fit for their expected uses. Sears omitted, or otherwise concealed or failed to disclose to Plaintiffs and the class members, the true unreliable and defective nature of Kenmore HE

Series Washing Machines, and Sears failed to take other remedial action to correct its omissions or concealments.

35.     Sears falsely represented that Kenmore HE Series Washing Machines provided outstanding performance as home washing machines, even though it knew or should have known that major components of the machines would fail when used and operated in a normal manner well before the reasonable expectations of the consumers using the product.

36.     Moreover, prior to the Kenmore HE Series Washing Machines, Sears marketed and sold Calypsos Washing Machines which had many of the same defects as alleged herein, and which resulted in major litigation against Sears with Sears ultimately agreeing to pay damages to the owners of Calypsos Washing Machines.  Because of the previous problems with Calypso Washing Machines, Sears knew or should have known defective washing machines, and failure to disclose those defects, would cause substantial damage to consumers.

37.     As a result of Sears' failures and misconduct as detailed herein, Plaintiffs and the proposed class members have suffered actual damages in that their Kenmore HE Series Washing Machines have not operated as represented by Sears.  Plaintiffs and the proposed class have had to pay too high a purchase price for a washing machine that is defective and not fit for use.  Additionally, Plaintiffs and the proposed class have been damaged by having to pay for costs associated with service calls, buy replacement parts, and buy extended warranties.

## NAMED PLAINTIFFS' ALLEGATIONS

38. **Susan Munch.** On or about December 2004, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,000. Plaintiff used the washer for normal home use.

39. On or about June 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.

40. Plaintiff contacted Sears to correct the problem within two years of purchase. Sears refused to repair the machine for free since the one year warranty had elapsed, and estimated repair costs at $655.00.

41. Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty for approximately $300.00 which Plaintiff was coerced into buying due to the already evident poor performance of the HE3t washer despite its having been used for less than 18 months.

42. **Larry Butler.** On or about February 2005, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,200. Plaintiff used the washer for normal home use.

43. On or about November 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear. Furthermore, the HE3t also developed a moldy musty smell.

44.     Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine without a $54 service fee since the one year warranty had elapsed.  Plaintiff paid approximately $50 for replacement relays.

45.     **Joseph Leonard.**     On or about May 2005, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,000.  Plaintiff used the washer for normal home use.

46.     On or about October 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.

47.     Plaintiff contacted Sears to correct the problem, and was charged $55 for a service call.

48.     Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty.

49.     **Kevin Barnes.**     On or about March 2005, Plaintiff purchased a Kenmore HE4t washing machine for approximately $1,150.  Plaintiff used the washer for normal home use.

50.     On or about October 2006, Plaintiff began experiencing problems with the HE4t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.   Plaintiff spent approximately $100 for parts to repair the machine.

51.     **Victor Matos.**     On or about January 2005, Plaintiff purchased a Kenmore HE4t washing machine for approximately $1,200.  Plaintiff used the washer for normal home use.

52.     On or about August 2005, Plaintiff began experiencing problems with the HE4t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.

53.     Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine for free since the one year warranty had elapsed.  Plaintiff paid approximately $141 for parts to repair the machine.

54.     Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty.

55.     **Bryan Seratt.**          On or about August 2002, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,200.  Plaintiff used the washer for normal home use.

56.     On or about August 2006  Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.  Furthermore, the HE3t also developed a moldy musty smell.

57.     Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine for free since the one year warranty had elapsed, and repairs costs $348.49.

58.     Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty.

59.     **Alan Jarashow.**          On or about November 2004, Plaintiff purchased a Kenmore HE4t washing machine for approximately $1,300.  Plaintiff used the washer for normal home use.

60.     On or about November 2006, Plaintiff began experiencing problems with the HE4t washer in that the machine would stop running, break down or otherwise fail to operate.  Additionally error codes such as F11 and FdL would appear.

61.     Plaintiff contacted Sears to correct the problem within two years of purchase. Sears refused to repair the machine for free since the one year warranty had elapsed. Plaintiff paid $450 to repair the machine.

62.     **Dr. Stephen Papaleo.**          On or about April 2005, Plaintiff acquired a Kenmore HE3t washing machine as part of a home purchase.  Plaintiff used the washer for normal home use.

63.     On or about April 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.

64.     Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine for free since the one year warranty had elapsed.  Plaintiff paid $170 for replacement parts.

65.     **Lauren Crane.**          On or about June 2005, Plaintiff purchased a Kenmore HE4t washing machine for approximately $1,200.  Plaintiff used the washer for normal home use.

66.     On or about April 2006, Plaintiff began experiencing problems with the HE4t washer in that the machine would stop running, break down or otherwise fail to operate. Additionally error codes such as F11 and FdL would appear.  Furthermore, the HE4t also developed a moldy musty smell.

67.     Plaintiff contacted Sears to correct the problem.  Sears refused to repair the machine for free since the one year warranty had elapsed.  Plaintiff paid $55 for a trip charge.

68.     Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty for approximately $300.

69.     **Lawrence L'Hommedieu.**    On or about December 2004, Plaintiff purchased a Kenmore HE3t washing machine for approximately $1,100.  Plaintiff used the washer for normal home use.

70.     On or about January 2006, Plaintiff began experiencing problems with the HE3t washer in that the machine would stop running, break down or otherwise fail to operate.  Additionally error codes such as F11 and FdL would appear.  Furthermore, the HE3t also developed a moldy musty smell.

71.     Plaintiff contacted Sears to correct the problem within two years of purchase.  Sears refused to repair the machine for free since the one year warranty had elapsed.  Plaintiff paid $200.59 for replacement parts and service calls.

72.     Moreover, during the time Sears was requested to repair the machine, Sears repeatedly suggested Plaintiff purchase an additional extended warranty for approximately $910.

## CLASS ACTION ALLEGATIONS

73.     Plaintiffs bring all claims herein as class claims pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class defined below.

**A.     Class Definition(s)**

74.     The (b)(2) Injunctive Relief Class consists of:

>   All consumers who own a Kenmore HE Series Washing
>   Machine.[3]

75.     The (b)(3) State Sub-Classes consist of:

>   California:  All persons in California who own a Kenmore
>   HE Series Washing Machine (the "California Sub-Class");

>   Illinois:  All persons in Illinois who own a Kenmore HE
>   Series Washing Machine (the "Illinois Sub-Class");

>   Indiana:  All persons in Indiana who own a Kenmore HE
>   Series Washing Machine (the "Indiana Sub-Class");

>   Kentucky:  All persons in Kentucky who own a Kenmore
>   HE Series Washing Machine (the "Kentucky Sub-Class");

>   Michigan:  All persons in Michigan who own a Kenmore
>   HE Series Washing Machine (the "Michigan Sub-Class");

>   Minnesota:  All persons in Minnesota who own a Kenmore
>   HE Series Washing Machine (the "Minnesota Sub-Class");

>   New Jersey:  All persons in New Jersey who own a
>   Kenmore HE Series Washing Machine (the "New Jersey
>   Sub-Class");

>   New York:  All persons in New York who own a Kenmore
>   HE Series Washing Machine (the "New York Sub-Class");

>   Texas:  All persons in Texas who own a Kenmore HE
>   Series Washing Machine (the "Texas Sub-Class");

>   Washington:  All persons in Washington who own a
>   Kenmore HE Series Washing Machine (the "Washington
>   Sub-Class");

Excluded from the Class(es) are:  Defendants, any entities in which they have a

controlling interest, any of their parents, subsidiaries, affiliates, officers, directors,

---

[3]     Plaintiff reserves the right to amend the class definition based upon future investigation,
discovery and the proofs at trial.

employees and members of such persons immediate families, and the presiding judge(s) in this case and his, her or their immediate family.

### B. Numerosity

76. At this time, Plaintiffs do not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiffs believe that the Class members are so numerous that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery.

### C. Commonality

77. There are questions of law or fact common to the class, including at least the following:

a) Whether Sears knew or should have known that Kenmore Series HE Washing Machines are not dependable and are not suitable for use as home washing machines, and otherwise are not as warranted and represented by Sears;

b) Whether Sears concealed from and/or failed to disclose to Plaintiffs and the class members material facts including that Kenmore HE Series Washing Machines are not suitable;

c) Whether Sears engaged in unfair or deceptive acts and/or practices when it failed or omitted to disclose either through advertising, warranties and other express representations, the unreliability of Kenmore HE Series Washing Machines;

d) Whether Sears was unjustly enriched by its conduct;

e) Whether Sears had a pattern and practice of marketing extended

warranties to further profit from Plaintiff and the class;

f) Whether Plaintiffs and the class members are entitled to compensatory

damages, and the measure of such damages; and

g) Whether Plaintiffs and the class members are entitled to punitive damages,

and the measure of such damages.

### D.    Typicality

78.    Plaintiffs have the same interests in this matter as all other members of the Class,

and their claims are typical of all members of the class.

### E.    Adequacy

79.    Plaintiffs are committed to pursuing this action and have retained competent

counsel experienced in the prosecution and successful resolution of consumer class

actions.  Plaintiffs will fairly and adequately represent the interests of the class members

and do not have interests adverse to the class.

### F.    The Prerequisites of Rule 23(b)(2) are Satisfied

80.    The prerequisites to maintaining a class action for injunctive and equitable relief

pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on

grounds generally applicable to the class thereby making appropriate final injunctive and

equitable relief with respect to the class as a whole.

81.    The prosecution of separate actions by members of the class would create a risk of

establishing incompatible standards of conduct for Defendant.  For example, one court

might decide that the challenged actions are illegal and enjoin them, while another court

might decide that those same actions are not illegal.  Individual actions may, as a

practical matter, be dispositive of the interest of class members, who would not be parties to those actions.

82.     Defendant's actions are generally applicable to the class as a whole, and Plaintiffs seek, *inter alia*, equitable remedies with respect to the class as a whole.

83.     Defendant's systemic policy and practices make declaratory relief with respect to the class as a whole appropriate.

### G.     The Prerequisites of Rule 23(b)(3) are Satisfied

84.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual class member.  This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class defined above.

## FRAUDULENT CONCEALMENT

85.     Throughout the Class period, Defendant affirmatively concealed from Plaintiffs and class members the defects described herein.

86.     Defendant had a duty to inform Plaintiffs and Class of the defects described herein, which it knew of or should have known.  Notwithstanding its duty, Defendant never disclosed the defects to Plaintiffs or the Class; rather, Defendant attributed resulting mechanical failures to soap, water issues or other conduct.

87.     Moreover, as part of the scheme, after the warranty period had expired Defendant marketed extended warranties for hundreds of dollars, thus further attempting to profit from the misfortune of Kenmore HE Series Washing Machine purchasers.

88.     Despite exercising reasonable diligence, Plaintiffs and Class could not have discovered the defects or Defendants' scheme to avoid disclosure of the defect.  Thus, running of the statute of limitations has been tolled with respect to any claims that Plaintiffs or the Class have brought or could have brought as a result of the unlawful and fraudulent course of conduct described herein.

89.     Defendants are further estopped from asserting any statute of limitations defense, contractual or otherwise, to the claims alleged herein by virtue of its acts of fraudulent concealment.

## CAUSES OF ACTION

### COUNT I – Brought on Behalf of Illinois and/or National Class
### (Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)

90.     Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

91.     At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (the "Act").

92.     Section 2 of the Act provides in relevant part as follows:

>       Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deceptive, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in

the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby, In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2 (footnotes omitted).

93.     Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the ICFA given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

94.     Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, renders unlawful the "use or employment of any deception [including the] concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce…"  Illinois case law holds that reliance on the deception is not an element of a consumer fraud claim.

95.     Consumers (such as Plaintiffs) were entitled to disclosure of all material facts because:

      a)  A significant risk of failure would be a material fact in a consumer's decision-making process; and

      b)  Without Sears' disclosure, consumers would not know that there is any risk of failure.

96.     Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the

warranties expired, and if that occurred, Sears was not committing to repair the condition.

All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

97.     Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

    a)  there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

    b)  that failures might not exhibit themselves until after the warranty has expired; and

    c)  that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

98.     Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above.  This conduct constitutes consumer fraud within the meaning of the ICFA.

99.     Defendant has committed deceptive acts or practices within the meaning of the ICFA by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

100.    Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

101.    As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.    Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.    Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.    Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.    Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.    Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.    Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.    Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.    Granting such further relief as the Court deems just.

## COUNT II – Brought on Behalf of California Class
## (Violation of Cal. Bus. & Prof. Code Section 17200)

102.    Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

103.    This Count is brought on behalf of Plaintiff Dr. Stephen Papaleo and the California Class.

104.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Class against Defendant for its unlawful, unfair, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code Sections 17200 *et seq.*, which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

105.    At all times relevant hereto, there was in full force and effect the California's Unfair Competition Statutes, California Business and Professions Code § 17200 *et seq.* and substantially similar state consumer protection statutes (the "Act").

106.    California Business and Professions Code § 17200 states in pertinent part:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code).

107.    Plaintiff asserts these claims on behalf of the Class who have expended funds that Defendant should be required to pay or reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code Sections 17200 *et seq.*

108.    Consumers (such as Plaintiffs) were entitled to disclosure of all material facts because

　　　　a)  A significant risk of failure would be a material fact in a consumer's decision-making process; and

　　　　b)  Without Sears' disclosure, consumers would not know that there is any risk of failure.

109.    Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the

warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

110. Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

> a) there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;
>
> b) that failures might not exhibit themselves until after the warranty has expired; and
>
> c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

111. Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the Act.

112. The acts, misrepresentations, omissions, and practices of Defendant alleged above constitute unfair, unlawful and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code Sections 17200 *et seq.*

113. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Business and Professions Code Sections 17200, *et seq.*

114. Defendant's conduct, as fully described above, was likely to deceive members of the consuming public, and at all times, Defendant's statements concerning its Kenmore

HE Series Washing Machines has been and continues to be unlawful, unfair, fraudulent, untrue and/or deceptive.

115.    Defendant engaged in unlawful business practices by violating the Consumers Legal Remedies Act, Code sections 1750 *et seq.*, and the False Advertising Act, Business and Professions Code sections 17500 *et seq.* as alleged herein.

116.    Defendant's misconduct as alleged in this action constitutes negligence and other tortuous conduct and this misconduct gave Defendant an unfair competitive advantage over its competitors.

117.    As a direct and proximate result of the aforementioned acts, Defendant received monies and continues to hold the monies expended by Plaintiffs and others similarly situated who purchased Kenmore HE Series Washing Machines, a machine that fails to wash clothes as advertised, as described herein.

118.    In addition to the relief requested in the Prayer below, Plaintiffs seek the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendant.

119.    The harm to Plaintiffs and others similarly situated outweighs the utility of Defendant's policies, acts and/or practices and, consequently Defendant's conduct herein constitutes an unlawful business act or practice within the meaning of California Business & Professions Code sections 17200 *et seq.*

120.    The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Defendant, as fully described herein, present a continuing threat to members of the public to be mislead and/or deceived by Defendant's representations on the packaging of Kenmore HE Series Washing Machines as described

herein. Plaintiffs and others similarly situated have no other remedy of law that will prevent Defendant's misconduct as alleged herein from occurring and/or reoccurring in the future.

121.     As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.     Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.     Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.     Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.     Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.     Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.     Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.     Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.     Granting such further relief as the Court deems just.

## COUNT III – Brought on Behalf of Indiana Class
## (Violation of Indiana Deceptive Consumers Sales Act)

122.    Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

123.    This Count is brought on behalf of Plaintiff Butler and the Indiana Class.  At all times relevant hereto, there was in full force and effect the Indiana Deceptive Consumers Sales Act, Ind. Code § 24-5-0.5 *et seq.* (the "Act").

124.    Section 0.5-4 of the Act provides in relevant part as follows:

> (a)     A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act.  The court may award reasonable attorney fees to the party that prevails in an action under this subsection.

125.    Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the Act given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

126.    Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

a)    A significant risk of failure would be a material fact in a consumer's decision-making process, and

b)    Without Sears' disclosure, consumers would not know that there is any risk of failure.

127.    Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the

warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

128.     Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

　　　　a) there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

　　　　b) that failures might not exhibit themselves until after the warranty has expired; and

　　　　c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

129.     Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

130.     Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

131.     Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

132.     As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.  Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.  Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.  Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.  Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.  Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.  Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.  Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.  Granting such further relief as the Court deems just.

## COUNT IV – Kentucky
### (Violation of Kentucky Consumer Fraud and Deceptive Business Practices Act)

133. Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

134.    At all times relevant hereto, there was in full force and effect the Kentucky

Consumer Fraud and Deceptive Business Practices Act, Ky. Rev. Stat. § 367.220 *et seq*

(the "Act").

135.    Section 170 of the Act provides in relevant part as follows:

>    (1)    Unfair, false, misleading, or deceptive acts or practices in the
>    conduct of any trade or commerce are hereby declared unlawful.

>    (2)    For the purposes of this section, unfair shall be construed to mean
>    unconscionable.

136.    Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing

Machines, are consumers within the meaning of Consumer Fraud Acts given that

Defendant's business activities involve trade or commerce, are addressed to the market

generally and otherwise implicate consumer protection concerns.

137.    Once the Kenmore HE Series Washing Machine's failure risk became significant,

consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

>    a)    A significant risk of failure would be a material fact in a consumer's
>    decision-making process; and

>    b)    Without Sears' disclosure, consumers would not know that there is any
>    risk of failure.

138.    Moreover, because Sears' warranties are limited in duration, consumers were

further entitled to know that failures might not exhibit themselves until after the

warranties expired, and if that occurred, Sears was not committing to repair the condition.

All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

139.    Specifically, at all times relevant, Sears continuously and consistently failed to

disclose to consumers (such as Plaintiffs):

a) there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

b) that failures might not exhibit themselves until after the warranty has expired; and

c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

140. Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

141. Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

142. Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

143. As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

144.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.    Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.    Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.    Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.    Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.    Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.    Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.    Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.    Granting such further relief as the Court deems just.

### COUNT V – Michigan
### (Violation of Michigan Comp. Laws Ann. § 445.903 *et seq.*)

145.    Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

146.    This Count is brought on behalf of Plaintiff Bryan Seratt and the Michigan Class.

147.    At all times relevant hereto, there was in full force and effect Mich. Comp. Laws Ann. § 445.903 *et seq.* (the "Act").

148.    Section 903 of the Act provides in relevant part as follows:

"Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows: *** (b) Using deceptive representations or deceptive designations of geographic origin in connection with goods or services. *** (g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented."

149. Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the Act given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

150. Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

a) A significant risk of failure would be a material fact in a consumer's decision-making process; and

b) Without Sears' disclosure, consumers would not know that there is any risk of failure.

151. Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

152. Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

a) there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

b) that failures might not exhibit themselves until after the warranty has expired; and

c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

153. Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the Act.

154. Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

155. Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

156. As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B. Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C. Entering judgment in favor or Plaintiffs and the class and against Defendant;

D. Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.      Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.      Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.      Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.      Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.      Granting such further relief as the Court deems just.

## COUNT VI – Minnesota
## (Violation of Minnesota Prevention of Consumer Fraud Act)

157.    Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

158.    This Count is brought on behalf of Plaintiff Leonard and the Minnesota Class.

159.    At all times relevant hereto, there was in full force and effect the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann. § 325F *et seq*. (the "Act").

160.    Section 69 of the Act provides in relevant part as follows:

"Subdivision 1: The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein."

"Subdivision 4: Solicitation of money for merchandise not ordered or services not performed. The act, use, or employment by any person of any solicitation for payment of money by another by any statement or invoice, or any writing that could reasonably be interpreted as a statement or invoice, for merchandise not yet ordered or for services not yet performed

and not yet ordered, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein."

161.    Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the Act given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

162.    Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

    a)  A significant risk of failure would be a material fact in a consumer's decision-making process; and

    b)  Without Sears' disclosure, consumers would not know that there is any risk of failure.

163.    Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

164.    Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

    a)  there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

    b)  that failures might not exhibit themselves until after the warranty has expired; and

35

c)   that if failures exhibit themselves after the warranty period expired that

Sears was not committing to making repairs.

165.    Sears intended that Plaintiffs and the class would rely on the deception by

purchasing the Kenmore HE Series Washing Machines, unaware of the material facts

described above.  This conduct constitutes consumer fraud within the meaning of the

various consumer protection statutes.

166.    Defendant has committed deceptive acts or practices within the meaning of the

Act by engaging in the acts and practices alleged herein, including, but not limited to, its

failure to disclose the material defects.

167.    Defendant's conduct alleged herein is furthermore unfair insofar as it offends

public policy; is so oppressive that the consumer has little alternative but to submit; and

causes consumers substantial injury.

168.    As a direct and proximate result of the unfair acts or practices of Defendant

alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons

described herein, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance
as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3),
and certifying the class defined herein;

B.    Designating Plaintiffs as representatives of the class and their
counsel as class counsel;

C.    Entering judgment in favor or Plaintiffs and the class and against
Defendant;

D.    Awarding Plaintiffs and class members their individual damages
and attorneys' fees and allowing costs, including interest thereon;

E.    Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.    Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.    Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.    Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.    Granting such further relief as the Court deems just.

## COUNT VII – Brought on Behalf of New Jersey Class
## (Violation of New Jersey Consumer Fraud Act)

169.    Plaintiffs refer to and incorporate herein by reference the allegations contained in the preceding paragraphs of the complaint.

170.    This Count is brought on behalf of Plaintiff Alan Jarashow and the New Jersey Class.

171.    At all times relevant hereto, there was in full force and effect the New Jersey Consumer Fraud Act (NJCFA) ,N.J. Rev. Stat. § 56:8-1 *et seq.*, which was enacted and designed to protect consumers against unfair, deceptive, or fraudulent business practices.

172.    N.J. Rev. Stat. § 56:8-2 provides:

"The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice"

173.    N.J. Rev. Stat. § 56:8-2.3 provides:

"The notification to any person by any means, as a part of an advertising plan or scheme, that he has won a prize and requiring him to do any act, purchase any other item or submit to a sales promotion effort is an unlawful practice and a violation of the act to which this act is a supplement."

174.    At all relevant times, Plaintiffs, class members and Defendant were "persons" within the meaning of N.J. Rev. Stat. § 56:8-1.

175.    The purported products (Kenmore HE Series Washing Machines) sold by Defendant are merchandise within the meaning of the NJCFA, and Plaintiffs (and class members) are consumers within the meaning of the NJCFA and thus entitled to the statutory remedies made available in the NJCFA.

176.    Consumers (such as Plaintiffs) were entitled to disclosure of all material facts because

      a)    A significant risk of failure would be a material fact in a consumer's decision-making process; and

      b)    Without Sears' disclosure, consumers would not know that there is any risk of failure.

177.    Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

178.    Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

a) there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

b) that failures might not exhibit themselves until after the warranty has expired; and

c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

179. Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the Act.

180. Through the actions described herein, Defendant engaged in a deceptive and/or unfair practice. Defendant's conduct constitutes unlawful, unfair and deceptive business practices within the meaning of the NJCFA.

181. The above-described unlawful, unfair and deceptive business practices by Defendant continue to present a threat to members of the consuming public.

182. Defendant's conduct has proximately caused damage to Plaintiffs and class members in an amount to be proven at trial.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B. Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.      Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.      Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.      Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.      Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.      Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.      Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.      Granting such further relief as the Court deems just.

### COUNT VIII – New York
### (Violation of New York Gen. Bus. § 329 *et seq.* )

183.    Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

184.    This Count is brought on behalf of Plaintiff Lauren Crane and the New York Class.

185.    At all times relevant hereto, there was in full force and effect New York Gen. Bus. § 329 *et seq.* (the "Act").

186.    Section (h) of the Act provides in relevant part as follows:

    "In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such

> unlawful act or practice, an action to recover his actual damages or fifty
> dollars, whichever is greater, or both such actions."

187.    Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing

Machines, are consumers within the meaning of the Act given that Defendant's business

activities involve trade or commerce, are addressed to the market generally and otherwise

implicate consumer protection concerns.

188.    Once the Kenmore HE Series Washing Machine's failure risk became significant,

consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

   a)   A significant risk of failure would be a material fact in a consumer's

        decision-making process; and

   b)   Without Sears' disclosure, consumers would not know that there is any

        risk of failure.

189.    Moreover, because Sears' warranties are limited in duration, consumers were

further entitled to know that failures might not exhibit themselves until after the

warranties expired, and if that occurred, Sears was not committing to repair the condition.

All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

190.    Specifically, at all times relevant, Sears continuously and consistently failed to

disclose to consumers (such as Plaintiffs):

   a)   there was a substantial risk of mechanical failure and/or moldy smells that

        exceeded the risk of such defect normally associated with similar

        consumer products;

   b)   that failures might not exhibit themselves until after the warranty has

        expired; and

    c)   that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

191.    Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the Act.

192.    Defendant has committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

193.    Defendant's conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

194.    As a direct and proximate result of the unfair acts or practices of Defendant alleged herein, Plaintiffs and other members of the class were damaged.

    WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

    B.    Designating Plaintiffs as representatives of the class and their counsel as class counsel;

    C.    Entering judgment in favor or Plaintiffs and the class and against Defendant;

    D.    Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

    E.    Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.      Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.      Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.      Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.      Granting such further relief as the Court deems just.

## COUNT IX – Washington
### (Violation of Washington Rev. Code Ann. § 19.86 *et seq.* )

195.    Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

196.    This Count is brought on behalf of Plaintiff Lawrence L'Hommedieu and the Washington Class.

197.    At all times relevant hereto, there was in full force and effect Washington Rev. Code Ann. § 19.86 *et seq*. (the "Act").

198.    Section 19.86.020 of the Act provides in relevant part as follows:

"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful"

199.    Plaintiffs and other class members, as purchasers of Kenmore HE Series Washing Machines, are consumers within the meaning of the Act given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

200.     Once the Kenmore HE Series Washing Machine's failure risk became significant, consumers (such as Plaintiffs) were entitled to disclosure of that fact because:

    a)  A significant risk of failure would be a material fact in a consumer's decision-making process; and

    b)  Without Sears' disclosure, consumers would not know that there is any risk of failure.

201.     Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after the warranties expired, and if that occurred, Sears was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

202.     Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

    a)  there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;

    b)  that failures might not exhibit themselves until after the warranty has expired; and

    c)  that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

203.     Sears intended that Plaintiffs and the class would rely on the deception by purchasing the Kenmore HE Series Washing Machines, unaware of the material facts described above.  This conduct constitutes consumer fraud within the meaning of the Act.

204.    Defendant has committed deceptive acts or practices within the meaning of the

Act by engaging in the acts and practices alleged herein, including, but not limited to, its

failure to disclose the material defects.

205.    Defendant's conduct alleged herein is furthermore unfair insofar as it offends

public policy; is so oppressive that the consumer has little alternative but to submit; and

causes consumers substantial injury.

206.    As a direct and proximate result of the unfair acts or practices of Defendant

alleged herein, Plaintiffs and other members of the class were damaged.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons

described herein, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance
      as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3),
      and certifying the class defined herein;

B.    Designating Plaintiffs as representatives of the class and their
      counsel as class counsel;

C.    Entering judgment in favor or Plaintiffs and the class and against
      Defendant;

D.    Awarding Plaintiffs and class members their individual damages
      and attorneys' fees and allowing costs, including interest thereon;

E.    Awarding Plaintiffs and the class members punitive damages, in an
      amount to be determined at trial;

F.    Imposing a constructive trust on amounts wrongfully collected
      from Plaintiffs and the class members pending resolution of their
      claims herein;

G.    Compelling Defendant to establish a program to inspect, repair and
      replace defective Kenmore HE Series Washing Machines;

H.    Compelling Defendant to establish a program to reimburse its
      warranty claims denied or paid in part, reimburse Sears customers
      who have had to pay to repair and/or replace defective Kenmore

HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.      Granting such further relief as the Court deems just.

## COUNT X
### (Common Law Fraud by Omission)

207.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

208.    Sears, through its experience, was in a position of superiority over Plaintiffs and class members with respect to knowledge that: (a) there was a substantial risk of mechanical failure and/or moldy smells that far exceeded the risk of such defect normally associated with similar consumer products; (b) that failures might not exhibit themselves until after the warranty has expired; and (c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

209.    In other words, once the risk of the failures becomes significant, consumers (such as Plaintiffs and the class members) were entitled to disclosure of that fact because:

a)      A significant risk of failure would be a material fact in a consumer's decision-making process; and

b)      Without Sears' disclosure, consumers would not know that there is any risk of failure.

210.    Moreover, because Sears' warranties are limited in duration, consumers were further entitled to know that failures might not exhibit themselves until after their warranties expire, and if that occurred, Sears was not committing to repair the condition. And at that time, at the cost of hundreds of dollars, Plaintiffs and the class would be

coerced into buying an extended warranty.  All of these facts were material to consumers' (such as Plaintiffs') purchase decisions.

211.     Plaintiffs and the class reasonably relied on Sears to disclose those material facts. If Sears had disclosed the above facts to Plaintiffs and the class, they could have (and would have) prevented economic injury by either negotiating a lower price to reflect the risk or simply avoiding the risk by purchasing a different manufacturer's washing machine.

212.     Specifically, at all times relevant, Sears continuously and consistently failed to disclose to consumers (such as Plaintiffs):

> a)   there was a substantial risk of mechanical failure and/or moldy smells that exceeded the risk of such defect normally associated with similar consumer products;
>
> b)   that failures might not exhibit themselves until after the warranty has expired; and
>
> c)   that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs.

213.     Sears failed to disclose those material facts and, as a proximate result, Plaintiffs and the class have been damaged because: (a) they purchased Kenmore HE Series Washing Machines that developed the undisclosed risk, i.e., failures, (b) the condition exhibited itself after Plaintiffs' warranty period expired, and (c) Sears refused to repair the condition because the warranties had expired. Plaintiffs repeat and reallege the allegations of the prior paragraphs as if fully stated herein.

WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B. Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C. Entering judgment in favor or Plaintiffs and the class and against Defendant;

D. Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E. Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F. Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G. Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H. Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I. Granting such further relief as the Court deems just.

## COUNT XI
## (Breach of Implied Warranty of Merchantability)

214.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

215.    At all times relevant hereto, there was duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that product be acceptable in trade for the product description.

216.    Notwithstanding the aforementioned duty, at the time of delivery, Kenmore HE Series Washing Machines sold to Plaintiffs and the class were not merchantable.

217.    As documented in its own business records and elsewhere, Defendant was notified that the Kenmore HE Series Washing Machines were not merchantable with a reasonable time after the latent defect manifested itself to Plaintiffs and the class.

218.    As a result of the non-merchantability of the Kenmore HE Series Washing Machines described herein, Plaintiffs and other members of the class sustained a loss or damages.

        WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

> A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;
>
> B.    Designating Plaintiffs as representatives of the class and their counsel as class counsel;
>
> C.    Entering judgment in favor or Plaintiffs and the class and against Defendant;
>
> D.    Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;
>
> E.    Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;
>
> F.    Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.    Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.    Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.    Granting such further relief as the Court deems just.

## COUNT XII
### (Unjust Enrichment (Alternative Count))

219.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

220.    Plaintiffs and the class have conferred benefits on Defendant by purchasing Kenmore HE Series Washing Machines.

221.    Defendants have knowingly and willingly accepted these benefits from Plaintiffs and the class.

222.    Under the circumstances, where Defendants have reaped these benefits by misleading the class as to the fitness of the HE Series washing machines and failing to disclose that (a) there was a substantial risk of mechanical failure and/or moldy smells that far exceeded the risk of such defect normally associated with similar consumer products; (b) that failures might not exhibit themselves until after the warranty has expired; and (c) that if failures exhibit themselves after the warranty period expired that Sears was not committing to making repairs,  it is inequitable for Defendant to retain these benefits at the expense of Plaintiffs and the class.

223.    Defendant has been unjustly enriched at the expense of and detriment of Plaintiffs and the class by wrongfully collecting money to which Defendant, in equity, is not entitled.

224.    Plaintiffs and the class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

225.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiffs and the class.

226.    Plaintiffs and the class have no adequate remedy at law.

227.    Plaintiffs seek to obtain a pecuniary benefit for the class in the form of all reimbursement, restitution and disgorgement from Defendant.  Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the class, and will seek an award of such fees and expenses at the appropriate time.

        WHEREFORE, Plaintiffs, individually and on behalf of the class of persons described herein, pray for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the class defined herein;

B.    Designating Plaintiffs as representatives of the class and their counsel as class counsel;

C.    Entering judgment in favor or Plaintiffs and the class and against Defendant;

D.    Awarding Plaintiffs and class members their individual damages and attorneys' fees and allowing costs, including interest thereon;

E.     Awarding Plaintiffs and the class members punitive damages, in an amount to be determined at trial;

F.     Imposing a constructive trust on amounts wrongfully collected from Plaintiffs and the class members pending resolution of their claims herein;

G.     Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

H.     Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and

I.     Granting such further relief as the Court deems just.

## COUNT XIII
## Declaratory Relief Pursuant To 28 U.S.C. § 2201

228.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully stated herein.

229.    There is an actual controversy between Defendant and all class members concerning the legality of Defendant's marketing of Kenmore HE Series Washing Machines as innovative, cost effective and dependable when it knew or should have known them to be defective and unreliable.

230.    Furthermore, there is also an actual controversy to the extent that Sears has declined to honor its two year warranty for the control boards for Plaintiffs Munch, Barnes, Jarashow, and L'Hommedieu, notwithstanding that those Plaintiffs had control board problems and asked that Sears fix them within two years of sale.  Accordingly, declaratory relief with regard to the warranty time limits, application of those limits, and whether claims have been denied improperly is appropriate.

231.    Moreover, there exists an actual controversy as to whether Sears improperly capitalized upon problems with its Kenmore HE Series Washing Machines to generate revenue under its extended warranty program.

232.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Plaintiffs and class members are interested parties who seek a declaration of their rights and legal relations vis-à-vis Defendant with regard to sales of the Kenmore HE Series Washing Machines, and the express and extended warranty coverage thereon.

233.    Specifically, Plaintiffs seek an Order by this Court:

    a)  Declaring the warranty void;

    b)  Declaring the time limit void;

    c)  Compelling Defendant to establish a program to inspect, repair and replace defective Kenmore HE Series Washing Machines;

    d)  Compelling Defendant to establish a program to reimburse its warranty claims denied or paid in part, reimburse Sears customers who have had to pay to repair and/or replace defective Kenmore HE Series Washing Machines, reimburse customers who have purchased extended warranties; and,

    e)  Granting such further relief as the Court deems just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED:  September 24, 2007   Respectfully submitted,

         **SUSAN MUNCH, LARRY BUTLER,
JOSEPH LEONARD, KEVIN BARNES
and VICTOR MATOS, and BRYAN
SERATT, ALAN JARASHOW, DR.
STEPHEN PAPALEO, LAUREN
CRANE and LAWRENCE
L'HOMMEDIEU Class Plaintiffs,**

         By:___s/George K. Lang_____
           One of Their Attorneys

         Paul M. Weiss
         George K. Lang
         Eric C. Brunick
         Matthew Sheynes
         **FREED & WEISS LLC**
         111 West Washington Street, Suite 1331
         Chicago, Illinois  60602
         (312) 220-0000
         paul@freedweiss.com
         george@freedweiss.com
         ericb@freedweiss.com
         matt@freedweiss.com

         Jonathan Shub
         Scott Alan George
         **SEEGER WEISS LLP**
         1515 Market Street
         Suite 1380
         Philadelphia, PA 19102
         (215)  564-2300
         jshub@seegerweiss.com
         sgeorge@seegerweiss.com

Richard J. Burke
RICHARD J. BURKE, LLC
1010 Market Street
Suite 650
St. Louis, MO  63101
(314) 621-8647
rich@richardjburke.com

Michael J. Flannery
James J. Rosemergy
CAREY & DANIS, LLC
8235 Forsyth Boulevard
Suite 1100
St. Louis, MO  63105
(314) 725-7700
mflannery@careydanis.com
jrosemergy@careydanis.com

Tod Aronovitz
Steven R. Jaffe
Mark S. Fistos
ARONOVITZ JAFFE
150 West Flager Street
Suite 2700-Museum Tower
Miami, FL  33130
(305) 372-2772
ta@aronovitzlaw.com
srj@aronovitzlaw.com
msf@aronovitzlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, affirms that he served a copy of the attached pleading pursuant to Fed. R. Civ. P. 5(b)(2)(D) upon:

**Bradley B. Falkof**
**Brad Eric Rago**
Barnes & Thornburg
One North Wacker Drive
Suite 4400
Chicago, IL 60606
bfalkof@btwlaw.com
brad.rago@twlaw.com

**Malcom Edward Wheeler**
**Galen D. Bellamy**
**Kara Jean Rohe**
**Michael T. Williams**
Wheeler Trigg Kennedy LLP
1801 California Street
Suite 3600
Denver, CO 80202
wheeler@wtklaw.com
bellamy@wtklaw.com
rohe@wtklaw.com
williams@wtklaw.com

**Peter W. Herzog, III**
Bryan Cave LLP (St. Louis)
211 North Broadway
Suite 3600
St. Louis, MO 63102
pwherzog@bryancave.com

By:    s/George K. Lang