# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7023 | **DATE** | 7/7/2010 |
| **CASE TITLE** | Butler vs. Sears Roebuck & Co. | | |

**DOCKET ENTRY TEXT**

Sears's motion to strike new opinions from Dr. R. Gary Wilson's rebuttal report [188] is granted in part and denied in part. Paragraph 5 of Dr. Wilson's rebuttal report is stricken and plaintiffs may not rely on the opinions expressed in that paragraph in a motion, at a hearing, or at trial.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

      Sears asks the court to strike new opinions of plaintiffs' expert, Dr. R. Gary Wilson, contained in his rebuttal report of April 13, 2010 regarding (1) Central Control Units ("CCUs") and (2) aluminum crosspieces.

      After several extensions of time, plaintiffs designated their experts and disclosed their initial expert reports on February 2, 2010. Instead of filing expert reports specific to the pending case, plaintiffs chose to adopt the expert reports filed in the multi-district case pending against Whirlpool in the Northern District of Ohio ("the Whirlpool action") and reserved the right to supplement the reports based on new information. These reports did not include any opinions related to CCUs or electronic control board failure. Some discussion of structural defects' contribution to odor problems was included. Dr. Wilson's rebuttal report in the Whirlpool action also vaguely referred to his opinion that the quick fixes proposed to address mold problems were detrimental to structural components of the washing machines but did not specify which components were affected. Sears served its rebuttal reports on March 4, 2010. The expert reports were limited in scope and responded solely to the material contained in the expert reports for the Whirlpool action. Sears's expert, Dr. Paul Taylor, did not address any allegations of electronic control board failure in his report. He did incorporate his responses to Dr. Wilson's reports in the Whirlpool action into his rebuttal in this action. His rebuttal report in the Whirlpool action does discuss issues related to structural problems resulting from some of the "quick fixes" proposed to fix odor problems. *See* Ex. 11 to Def.'s Mot. ¶ 7. On April 16, 2010, plaintiffs tendered their expert rebuttal reports, including that of Dr. Wilson opining, among other things, that the aluminum crosspiece in the washing machines is defective because it is subject to corrosion by biofilm and that certain CCUs were defectively manufactured and thus subject to failure.

      Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose a "complete statement of all opinions the [expert] witness will express and the basis and reasons for them" at the time specified for expert disclosure by the court. Fed. R. Civ. P. 26(a)(2)(B)(I). Rebuttal reports should be limited to "contradict[ing] or rebut[ting] evidence on the same subject matter identified by another party" in its expert disclosures. Fed.

---

R. Civ. P. 26(a)(2)(C)(I); *see also Shen Wei (USA) Inc.* v. *Sempermed USA, Inc.*, No. 05 C 6004, 2009 WL 674364, at *1 (N.D. Ill. Mar. 12, 2009). A party has the duty to supplement its expert disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1). The duty to supplement, however, does not allow a party to tender wholly new expert opinions. *Rowe Int'l Corp.* v. *Ecast, Inc.*, 586 F. Supp. 2d 924, 933 n.1 (N.D. Ill. 2008); *see also Allgood* v. *Gen. Motors Corp.*, No. 02 C 1077, 2007 WL 647496, at *3–4 (S.D. Ind. Feb. 2, 2007) ("Although Fed. R. Civ. P. 26(e) requires a party to supplement or correct disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset)." (quoting *Beller* v. *United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (internal quotation marks omitted)). "If a party fails to provide information . . . required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Salgado by Salgado* v. *Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Plaintiffs contend that Dr. Wilson's reports in the Whirlpool action included opinions regarding the crosspiece. Although Dr. Wilson's reports do not specifically use the word "crosspiece," they do refer generally to structural components being improperly designed and harmed by the quick fixes proposed by Sears to address odor problems. Dr. Taylor's rebuttal report in the Whirlpool action addresses crosspieces. As this report was incorporated in Dr. Taylor's report in the present action, it is fair to say that discussion of the crosspiece in Dr. Wilson's report is not a new opinion. Thus, the court will not strike Dr. Wilson's opinions related to the crosspiece pursuant to Rule 37©. Plaintiffs may not use this information to assert an independent defect, however, as this would constitute a new opinion.

Dr. Wilson's opinions concerning CCUs are not proper as either rebuttal or supplemental opinion. His reports in the Whirlpool action did not mention electronic control board failures and Dr. Taylor's rebuttal makes clear that Sears did not consider this to be an issue on which plaintiffs intended to present expert testimony. The opinion also cannot be considered proper rebuttal to David Chowanec's testimony regarding CCUs in March 2010, as Chowanec did not provide expert testimony but was instead a 30(b)(6) witness. Characterizing the CCU portion of Dr. Wilson's report as supplemental is also disingenuous. The report was not presented or designated as supplemental, unlike Dr. Wilson's clearly marked supplemental report in the Whirlpool action. Further, the opinions regarding CCUs are not based on newly discovered information, as plaintiffs admit that Whirlpool employee Steven Groppel's testimony on October 6, 2009, before plaintiffs were required to submit their initial expert reports, established that "CCU defects are the result of excessive force used to insert the board into its cradle during the manufacturing process which cracks the board's soldering." Pl.'s Resp. at 2. This is exactly what Dr. Wilson's report contends. As plaintiffs made the decision not to present any expert opinion on CCUs in their initial disclosures, they cannot now attempt to use such opinions unless they can show that their failure to comply with Rule 26 was substantially justified or harmless.

In determining whether plaintiffs' failure to disclose Dr. Wilson's opinions regarding CCUs was justified or harmless, the court should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David* v. *Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Allegations regarding electronic control board failure have been part of the case since its initiation, which plaintiffs argue prevents Sears from claiming prejudice or surprise. The fact that Sears has known about this aspect of the case, however, does not excuse plaintiffs from complying with Rule 26 and instead indicates bad faith or willfulness. *See Allgood*, 2007 WL 647496, at *6. Plaintiffs' counsel, also representing the plaintiffs in the Whirlpool action, appear to have deliberately chosen to prioritize the Whirlpool action and the allegations present there over those in this case. While a

| STATEMENT |
|---|

tactical decision, it cannot serve as justification for their belated attempt to introduce expert opinion related to CCUs in this action. Although this case is not yet ready for trial, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." *Finwall* v. *City of Chicago*, 239 F.R.D. 504, 507 (N.D. Ill. 2006) (citations omitted) (internal quotation marks omitted). This case has been pending for over three years and filing and briefing of a class certification motion has already been delayed several times. Plaintiffs should not be allowed to benefit from their disregard of the federal rules and the court's schedule to further delay the progression of this case. Thus, the court strikes Dr. Wilson's opinions related to CCUs and will not allow this information to be used for any reason in this litigation.