IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re SEARS, ROEBUCK AND CO. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION<br><br>*This Filing Pertains to CCU Claims* | Case No. 06-CV-7023<br>Consolidated with Case Nos. 07-CV-0412 and 08-CV-1832<br><br>**The Hon. Mary M. Rowland** |

**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT**

On July 22-24, 2015, Plaintiffs Kevin Barnes, John Bettua, Alfred Blair, Larry Butler, Martin Champion, Lauren Crane, Alan Jarashow, Lawrence L'Hommedieu, Victor Matos, and Victoria Poulsen ("Plaintiffs"), on behalf of themselves and the Settlement Class, as defined below, and Defendants Whirlpool Corporation ("Whirlpool") and Sears, Roebuck and Co. ("Sears") (collectively, "the Parties") executed a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement"). Pursuant to the Agreement, the Parties have jointly moved for entry of an order granting preliminary approval to the Settlement provided for in the Settlement Agreement (the "Settlement") [Dkt. 500]. Having reviewed the Settlement Agreement and considered the Parties' submissions in support of preliminary approval of the Settlement, the Court now FINDS AND ORDERS as follows:

## I.  CERTIFICATION OF THE SETTLEMENT CLASS

The Agreement settles all CCU Claims, as defined in the Settlement Agreement, that have been or could have been brought in this lawsuit and in the putative class-action lawsuit known as *Poulsen v. Whirlpool Corporation*, originally pending as Case No. 1:09-wp-65003-CAB in the United States District Court, Northern District of Ohio, Eastern Division. For purposes of the Settlement, the *Poulsen* lawsuit will be stayed by stipulation of the parties thereto, and the operative Complaint in this lawsuit has been amended to add the claims originally filed in the *Poulsen* case and to separate the CCU Claims from the claims in this case alleging that the Washers accumulate mold, bacteria, or fungi and emit bad odors due to the buildup of excessive laundry residue and biofilm. The Agreement provides for a nationwide class settlement of the CCU Claims concerning the Kenmore Washers that are the subject of this litigation. The Agreement additionally provides for a California statewide class settlement of the CCU Claims concerning the Whirlpool Washers that were originally filed in *Poulsen*. These settlement classes will be referred to collectively in this Order as the Settlement Class. As a part

H0045177.

of the Agreement, Whirlpool and Sears have conditionally withdrawn their objections to the certification of the Settlement Class.

    A.    The Court has considered (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings and motions previously filed by each of them in this case; (2) information, arguments, and authorities provided by the Parties in their respective memoranda of points and authorities submitted in support of their joint motion for entry of an order granting preliminary approval to the Settlement; (3) Whirlpool's and Sears's conditional withdrawal, for the purpose of the Settlement, of their objections to certification of the Settlement Class specified in the Settlement Agreement; (4) the terms of the Settlement Agreement including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (5) the Settlement's elimination of any potential manageability issue, ascertainability issue, and individualized issues of fact and law that could have had a bearing on the certification of a nationwide class and California class for trial in this case. Based on those considerations, the Court hereby finds as follows:

        1.    From June 8, 2004, through February 28, 2006, Whirlpool manufactured approximately 450,000 Kenmore-brand front-loading washing machines with a Bitron-manufactured "Matador 1" CCU with a CEM-1 printed circuit board material (the "Kenmore Washers" or "Washers") that were sold to Sears and, ultimately, sold by Sears to persons throughout the United States with the new-washer written warranty package provided by Sears with all new Washers. From May 25, 2004, through February 28, 2006, Whirlpool manufactured approximately 86,500 Whirlpool-brand "Matador 1" washing machines with a Bitron-manufactured "Matador 1" CCU with a CEM-1 printed circuit board material ("Whirlpool Washers" or "Washers") that were sold to persons in

California with the new-washer written warranty package provided by Whirlpool with all new Washers. These numbers readily satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Whirlpool and Sears do not contest this numerosity.

2. There are questions of law and fact common to all members of the Settlement Class based on Whirlpool's manufacture of the Washers between May 25, 2004, and February 28, 2006, and Sears's later sale of those Washers. Such questions include, but are not necessarily limited to, the following:

    a. Whether the Washers contained defective electronic control boards that have caused malfunctions and failures in some Washers; and

    b. Whether Plaintiffs and the members of the Settlement Class can recover damages based on the alleged defect in and failures of the Washers' electronic control board.

3. Plaintiffs' claims are typical of the Settlement Class. Plaintiffs are members of the Settlement Class and allege that they have been damaged by the same conduct of Whirlpool and Sears that they allege has damaged other members of the Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiffs and other members of the Settlement Class are based on corresponding theories.

4. The Settlement Class is ascertainable. The unnamed members of the Settlement Class have in common that each of them purchased or received as a gift a new Kenmore Washer that was manufactured between June 8, 2004, and February 28, 2006, or a new Whirlpool Washer that was manufactured between May 25, 2004, and February 28, 2006.

5. Plaintiffs can fairly, fully, and adequately protect the interests of the Settlement Class. Plaintiffs' counsel are experienced in prosecuting complex class-action litigation. Plaintiffs and their counsel have no interest that conflicts with, or is adverse to, the interests of the Settlement Class.

6. Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members for settlement purposes.

7. A nationwide Kenmore class action and California statewide Whirlpool class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B. For the purpose of determining whether the terms of the Settlement are fair, reasonable, and adequate, the Court hereby certifies the following settlement classes (collectively, the "Settlement Class") for settlement purposes only:

> (i) All Persons who, while residing in the United States, either (a) purchased from Sears a new Kenmore Elite HE3, HE3t, or HE4t model front-loading washing machine manufactured by Whirlpool between June 8, 2004, and February 28, 2006, with a Bitron-manufactured Matador 1 CCU and the new-washer warranty package provided by Sears with all new Kenmore-brand Matador 1 washing machines or (b) received as a gift, from a donor meeting those requirements, such a Washer, not used by the donor or by anyone else after the donor purchased the washer and before the donor gave the washer to the Person.

> (ii) All Persons who, while residing in the State of California, either (a) purchased a new Whirlpool Duet or Duet HT model front-loading washing machine manufactured by Whirlpool between May 25, 2004, and February 28, 2006, with a Bitron-manufactured "Matador I" CCU and with the new-washer warranty package provided by Whirlpool with all new Whirlpool-brand Matador I washing machines or (b) received as a gift, from a donor meeting those requirements, such a Washer, not used by the donor or by anyone else after the donor purchased the washer and before the donor gave the washer to the Person.

5

>Excluded from the Settlement Classes are (a) officers, directors, and employees of Sears and Whirlpool, (b) insurers of Settlement Class Members, (c) subrogees or all entities claiming to be subrogated to the rights of a Washer purchaser, Washer owner, or a Settlement Class Member, and (d) all third-party issuers or providers of extended warranties or service contracts for the Washers.

C. Plaintiffs are appointed as the representatives of the Settlement Class, and Steven A. Schwartz of the law firm Chimicles & Tikellis LLP and James Rosemergy of the law firm Carey Danis & Lowe are appointed as Class Counsel for the Settlement Class.

D. If for any reason the Settlement Agreement ultimately does not become effective, Whirlpool's and Sears's conditional withdrawal of their objections to the certification of the Settlement Class shall be null and void in its entirety; this Order certifying a nationwide class and a California statewide class shall be vacated; the Parties shall return to their respective positions in this lawsuit and the *Poulsen* action as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

II. **PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT**

A. Whirlpool and Sears have at all times disputed, and continue to dispute, Plaintiffs' allegations in this lawsuit and to deny any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class.

B. The Settlement requires Whirlpool and Sears to provide specified compensation to each Class Member who experienced actual performance problems with their Washer's CCU within a certain number of years after purchase of the Washer. The Settlement provides for cash payments to Class Members who can be identified in Whirlpool's or Sears's database as meeting

6

the Prequalified Class Member eligibility requirements and who timely submit a valid Claim Form without supporting documentary proof. In other words, the Settlement excludes from the requirement of providing documentary proof those Class Members who can be identified in Whirlpool's or Sears's databases as having paid for certain repairs or certain service contracts. The Settlement also provides for cash payments to Class Members who are not identified as Prequalified Class Members but who meet the eligibility requirements and timely submit a valid Claim Form with supporting documentary proof, all as defined and set forth in the Settlement Agreement.

      C.      On a preliminary basis, taking into account (1) the defenses asserted by Whirlpool and Sears, including their defense that Class Members who did not experience a CCU performance problem or repair within any express or implied warranty period cannot recover damages, (2) the risks to the Settlement Class Members that Whirlpool and Sears would successfully defend against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by the Settlement Class Members themselves or on their behalf in a class action, and (3) the length of time that would be required for the Settlement Class Members, or any group of the Settlement Class Members, to obtain a final judgment through one or more trials and appeals, the Settlement appears fair, reasonable, and adequate and appears to be the product of serious, informed, and non-collusive negotiations. Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and both formal and informal discovery conducted by Plaintiffs, Class Counsel, and Defendants, and arm's-length negotiations. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

D. Accordingly, it is ORDERED and ADJUDGED that the Settlement Agreement and corresponding Settlement are hereby preliminarily approved.

III. **APPROVAL OF THE MAILED SETTLEMENT NOTICE, THE FREQUENTLY ASKED QUESTIONS FORM, THE PUBLICATION NOTICE, THE CLAIM FORM, AND THE PLANS FOR DISTRIBUTION AND PUBLICATION**

A. As provided for in the Settlement Agreement, the Parties have submitted the following: (1) a proposed mailed and emailed settlement notice (the "Mailed Settlement Notice") (Exhibit A); (2) a plan for distributing the Mailed Settlement Notice to the Settlement Class; (3) a proposed Frequently Asked Questions Form ("FAQ") (Exhibit B); (4) a plan for publishing the FAQ on Kurtzman Carson Consultants' (the "Settlement Administrator") Internet website and for mailing the FAQ to Settlement Class Members who contact the Settlement Administrator by telephone or mail requesting a FAQ be sent to them; (5) a proposed Claim Form (Exhibit C); (6) a plan for publishing the Claim Form on the Settlement Administrator's Internet website and for mailing the Claim Form to Settlement Class Members who contact the Settlement Administrator by telephone or mail requesting a Claim Form be sent to them; (7) a proposed publication notice for the Whirlpool California Class ("Publication Notice") (Exhibit D); and (8) a plan for publishing the Publication Notice in California.

B. The proposed plan for distributing the Mailed Settlement Notice, FAQ, Publication Notice, and Claim Form appears reasonably likely to notify members of the Settlement Class of the Settlement, and there appears to be no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who will not receive notice pursuant to the proposed distribution plan. The proposed plan also satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and all applicable federal law.

C. The Mailed Settlement Notice, Publication Notice, and FAQ fairly, accurately, and reasonably inform members of the Settlement Class of (1) appropriate information about the

8

nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; (3) appropriate information about, and means for obtaining, a Claim Form; (4) appropriate information about, and means for submitting, a Claim Form for compensation under the Settlement; and (5) appropriate information about how to challenge or exclude themselves from the Settlement, if they wish to do so. The Mailed Settlement Notice, Publication Notice, and FAQ fairly and adequately inform members of the Settlement Class that failure to complete and submit a claim in the manner and time specified in the Mailed Settlement Notice, Publication Notice, FAQ, and Claim Form shall constitute a waiver of any right to obtain any compensation under the Settlement. The Mailed Settlement Notice, Publication Notice, and FAQ also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing (as that term is defined in the Settlement Agreement and in paragraph IV.A below) or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

      D.      The proposed Claim Form provided for in the Settlement Agreement fairly, accurately, and reasonably informs members of the Settlement Class of (1) the compensation available to Class Members under the Settlement; (2) appropriate information about, and means for, submitting a claim for compensation under the Settlement; and (3) the fact that failure to complete and submit a Claim Form, in the manner and time specified in the Mailed Settlement Notice, FAQ, Publication Notice, and Claim Form, shall constitute a waiver of any right to obtain any compensation under the Settlement. The proposed plan for publishing the Claim Form on the Settlement Administrator's Internet website and for mailing the Claim Form to Settlement

9

Class Members who contact the Settlement Administrator by telephone or mail requesting a Claim Form be sent to them is fair and reasonable.

  E.  The Court, having reviewed the proposed Mailed Settlement Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for publishing and distributing each of them, finds and concludes that the proposed plan for publishing and distributing each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and California laws and due process. Accordingly, the Court hereby ORDERS as follows:

  1.  The form and content of the proposed Mailed Settlement Notice, FAQ, Publication Notice, and Claim Form are hereby approved.

  2.  Whirlpool and Sears shall provide the Settlement Administrator with the database information agreed upon in the Settlement Agreement to, inter alia, facilitate the distribution of class notice, process claims, identify Prequalified Class Members, streamline the claims process for Prequalified Settlement Class Members consistent with the Settlement Agreement and Attachments thereto, and distribute Settlement benefits.

  3.  Promptly following the entry of this Order, Whirlpool and Sears shall prepare final versions of (i) the Mailed Settlement Notice, (ii) the FAQ, (iii) the Publication Notice, and (iv) the Claim Form, incorporating into each of them the Fairness Hearing date and deadlines set forth in paragraph IV of this Order.

  4.  Within 10 days of the entry of this Order, Defendants shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. section 1715.

  5.  Within 30 days of the entry of this Order, Defendants shall send, cause to be sent, or ensure that the Settlement Administrator provided for in subparagraph 6 below

has sent, by first-class United States Mail and electronic mail, to all members of the Settlement Class whose residential or email addresses reasonably can be identified in Defendants' records of original purchasers and current owners of Whirlpool Washers and Kenmore Washers, a copy of the Mailed Settlement Notice. A copy of the FAQ and Claim Form will be posted on the Settlement Administrator's website, www.CCUsettlement.com.

6. Within 45 days of the entry of this Order, Defendants shall file or cause to be filed with this Court a declaration of compliance with subparagraphs 2, 3, and 4 above, including a statement of the number of persons to whom the Mailed Settlement Notice was mailed or emailed.

7. Kurtzman Carson Consultants is hereby approved as the Settlement Administrator, whose reasonable costs in administering the Settlement are to be paid by Whirlpool.

8. The Settlement Administrator shall perform the following functions in accordance with the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case:

    a. Mail and email, to all members of the Settlement Class whose addresses are currently known to Whirlpool or Sears, a copy of the Mailed Settlement Notice incorporating the Fairness Hearing date and deadlines set forth in paragraph IV of this Order;

        i. Before mailing the Mailed Settlement Notice, the Settlement Administrator will obtain, or cause to be obtained, address updates utilizing a National Change of Address database. In mailing the

11

Mailed Settlement Notice, the Settlement Administrator will use any updated addresses thus obtained. If any Mailed Settlement Notice is returned to the Settlement Administrator bearing a forwarding address for a member of the Settlement Class, the Settlement Administrator shall make one attempt to mail the Mailed Settlement Notice to that class member's forwarding address.

  ii. Before emailing the Mailed Settlement Notice, the Settlement Administrator shall take appropriate steps, including but not limited to "list cleansing," to facilitate the effective transmission of the emailed notice and to avoid embargoing of emails by Settlement Class Members' ISP providers.

  iii. Before mailing and emailing the Mailed Settlement Notice, the Settlement Administrator shall establish an Internet website that enables Settlement Class Members to read the Mailed Settlement Notice and FAQ and complete a Claim Form online.

  iv. Before mailing and emailing the Mailed Settlement Notice, the Settlement Administrator shall establish a toll-free telephone number that the Settlement Class Members can use to request that the Settlement Administrator mail them a hardcopy Claim Form and FAQ.

  v. Before mailing and emailing the Mailed Settlement Notice, the Settlement Administrator shall utilize or establish a postal address to which Settlement Class Members can mail written requests for a hardcopy Claim Form and FAQ.

      b.      Rent or otherwise designate one or more post office boxes to be used for receiving requests for exclusion, Claim Forms, and any other communications, and providing that only the Settlement Administrator and its designated agents shall have access to this post office box;

      c.      Process Requests for Exclusion from the Class Settlement in accordance with paragraph IX of the Settlement Agreement;

      d.      Not later than 10 business days after the deadline for submission of Requests for Exclusion, provide to Class Counsel and Defendants' counsel copies of the Requests for Exclusion and a written list of the names of all persons who submitted Requests for Exclusion. Class Counsel, Whirlpool, and Sears shall jointly report in writing to the Court, no less than three days before the Fairness Hearing, the names of all such persons;

      e.      If, after 30 days from the entry by this Court of the Final Approval Order and the judgment therein, no notice of appeal of the judgment or any order in the action has been filed, the time provided for in Rule 4 of the Federal Rules of Appellate Procedure to take any such appeal has expired, and any right to take any such appeal has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and the judgment and Final Approval Order have been upheld in all respects by each such final adjudication, the Settlement Administrator shall evaluate, and approve as Valid Claims or disapprove, all Claim Forms submitted by persons seeking to receive compensation under the Settlement;

   f. Provide to Defendants and Class Counsel (i) a list of the names and addresses of all Settlement Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims; and (ii) a separate list of the names and addresses of all persons who have submitted Claim Forms and whose Claims Forms the Settlement Administrator has determined not to be Valid Claims;

   g. Send, by first-class United States Mail, and email if an email address is available, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim, a Notice of Claim Denial;

   h. Send, by first-class United States Mail, in the time and manner ordered by this Court following the Fairness Hearing, to each Class Member who has submitted a Claim Form that, in accordance with paragraph IV of the Settlement Agreement, has been finally determined to be a Valid Claim, a check in payment of that Valid Claim, drawn on an account funded, as needed, by Whirlpool, when ordered by the Court to make such payments, along with one email reminder to cash settlement checks;

   i. Provide to Class Counsel and Defendants' counsel, in the time and manner specified in the Settlement Agreement, all information and materials that the Settlement Agreement specifies are to be provided to them by the Settlement Administrator; and

   j. Within 30 days after the payment of all Valid Claims by the Settlement Administrator, provide to Defendants' counsel and Class Counsel a

14

statement of the total number of claims submitted, the total number of claims adjudicated as Valid Claims, and the total dollar amount paid to Class Members (the "Final Accounting").

## IV. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Fairness Hearing

The Court hereby schedules, for February 17, 2016, at 10:00 a.m. CST, which date is approximately 180 days after the entry of this Order, a hearing at the Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 1342, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval (the "Fairness Hearing"). At that time, the Court also will separately consider any request that may be made by Class Counsel for an award of attorneys' fees and costs to Class Counsel and for incentive awards to Plaintiffs, all in accordance with the terms of the Settlement Agreement. The Parties will have 160 days from the entry of this Order to file their joint motion for final approval of the Settlement and any briefs in support of such motion.

### B. Deadline for Members of the Settlement Class to Request Exclusion from the Settlement

Members of the Settlement Class who wish to be excluded from the Settlement must mail their requests for exclusion to the Settlement Administrator by first-class United States Mail, postmarked by the United States Postal Service or actually received by the Settlement Administrator no later than 120 days after entry of this Order.

### C. Deadline for Filing Objections to Matters to Be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence

15

All objections to certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, shall be made in writing and, no later than 120 days after entry of this Order, filed with this Court, 219 South Dearborn Street, Chicago, Illinois, 60604.

Any written objection must include (1) the name of this lawsuit, *In re Sears, Roebuck & Co. Front-Loading Washer Products Liability Litigation*, Case No. 06-cv-7023; (2) the objector's full name and current address and email address (if any); (3) the model and serial numbers of the objector's Kenmore Washer or Whirlpool Washer; (4) each specific reason for the objection; (5) all evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the objector wants the Court to consider in support of the objection; (6) the objector's signature; and (7) the date of the objector's signature. The Court finds that the requirements set forth above are no more burdensome than the requirements for establishing a claim. Any papers not filed and served in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiffs as representative of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, must file with the Court, no later than 135 days after entry of this Order, a notice of their intention to appear setting forth the basis of their objections and

summarizing the nature and source of any evidence they intend to present at the Fairness Hearing.

### D. Deadline for Submitting Claim Forms

Each Settlement Class Member who wishes to make a claim for any compensation pursuant to the Settlement must complete in full, sign, and submit to the Settlement Administrator, by first-class United States Mail, postmarked by the United States Postal Service no later than 120 days from the date of this Order, or online at www.CCUsettlement.com no later than 120 days from the date of this Order, a Claim Form, along with all certifications and supporting documentation required, if any, of that Class Member under the Claim Form.

## V. CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND FOR AN INCENTIVE AWARD TO PLAINTIFFS

A. Pursuant to the Settlement Agreement, Whirlpool will pay reasonable attorneys' fees and costs to Class Counsel, without reducing the amount of money available to pay Valid Claims submitted by Settlement Class Members. The amount of attorneys' fees and costs to be paid to Class Counsel shall be determined by the Court, which determination shall be stated in a separate order of this Court upon Class Counsel's request for an award of attorneys' fees and costs and for an incentive award to Plaintiffs.

B. Whirlpool has agreed to pay an incentive award of $4,000 to each of Plaintiffs Joseph Leonard, Kevin Barnes, Victor Matos, Alfred Blair, Martin Champion, Alan Jarashow, Lauren Crane, Lawrence L'Hommedieu, and Victoria Poulsen. Such agreed amount will be subject to Court approval, which approval shall be stated in a separate order of the Court upon Class Counsel's fee request.

C. Pursuant to the Settlement Agreement, Whirlpool and Sears shall not appeal any incentive award specified in the previous subparagraph.

17

D. Class Counsel shall file their motion for attorneys' fees, costs, and incentive awards no later than 85 days from the date of this Order. Defendants shall file their opposition, if any, to Class Counsel's motion for attorneys' fees, costs, and incentive awards no later than 115 days from the date of this Order. Class Counsel shall file their reply in support of their motion for attorneys' fees, costs, and incentive awards no later than 160 days from the date of this Order.

## VI. MODIFICATIONS OF DATES AND ADMINISTRATION PROCEDURES

A. The Fairness Hearing and other dates herein may, from time to time, without further notice to the Settlement Class (except those who have filed timely and valid objections and have requested to speak at the fairness hearing) be continued or adjourned by Order of the Court. Such changes shall also be posted to the Settlement Website.

B. Counsel for the Parties are hereby authorized to utilize all reasonable procedures to administer the Settlement, provided those procedures are not materially inconsistent with this Order or the terms of the Settlement Agreement.

## VII. ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Whirlpool and Sears have at all times denied, and continue to deny, any wrongful act or omission alleged by Plaintiffs in the two related actions and any liability of any sort to Plaintiffs or any member of the Settlement Class. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause

of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

    IT IS SO ORDERED.

E N T E R:

Dated: August 21, 2015

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge