UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: SEARS, ROEBUCK AND CO. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to CCU Claims* | Case No. 06 C 7023<br>Consolidated with Case Nos. 07 C 0412 and 08 C 1832<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a supplemental motion for attorneys' fees to recover fees spent litigating their petition for attorneys' fees in this Court and defending the award on appeal. For the reasons stated below, Plaintiffs' Supplemental Motion for Attorneys' Fees [629] is GRANTED IN PART.

**A. Background**

Given the long history of this case, the Court provides a brief summary of the relevant background and otherwise assumes familiarity with the prior rulings and history. This is a class action brought by washing machine purchasers against Sears. Whirlpool intervened in the action. On February 29, 2016, following 10 years of litigation, this Court approved the parties' Settlement Agreement, resolving Plaintiffs' warranty claims under the Magnuson-Moss Warranty Act ("Magnuson-Moss Act"), 15 U.S.C. § 2301 *et seq.*, as well as state law warranty claims. Under the Settlement Agreement, the parties agreed that Defendants would "pay Class Counsel reasonable attorneys' fees and costs, without reducing the amount [of]

money available to pay Valid Claims submitted by Settlement Class Members." (Dkt. 502-1 ("Settlement Agreement"), p. 34, Sec. X.A). The parties further agreed that the amount of attorneys' fees "shall be determined by the Court." (*Id*. at p. 35, Sec. X.B).

On November 16, 2015, Plaintiffs filed a fee petition requesting an award of $6 million to class counsel. (Dkts. 530, 531, "Original Fee Motion").[1] Defendants argued that Plaintiffs' request was unreasonable and asked the Court to award no more than $890,000. On September 13, 2016, this Court granted in part the Original Fee Motion, awarding $4,770,834 in fees to class counsel. Defendants appealed to the Seventh Circuit Court of Appeals arguing that class counsel should be awarded no than $900,000. On August 14, 2017, the Seventh Circuit reversed and remanded with directions to award $2.7 million, an amount which constituted the lodestar calculated by this Court but without a multiplier. *In re Sears*, 867 F.3d 791, 793 (7th Cir. 2017) ("We therefore reverse the judgment of the district court and remand with directions to award $2.7 million—no more, no less—in fees to the class counsel."). This Court entered judgment in favor of class counsel accordingly.

Plaintiffs now seek: (1) $295,000 for litigating their fee motion prior to the appeal ("Motion Fees") and (2) $482,702.25 for defending their award on appeal ("Appeal Fees"). (Dkt. 630 at 7). Defendants object arguing that: (1) Plaintiffs' request for pre-appeal fees is untimely; (2) the Seventh Circuit's opinion bars this Court from awarding any more attorneys' fees to class counsel; (3) the Settlement

---

[1] Class counsel told the class that they would not request more than $6 million in attorneys' fees. (*see* Dkt. 638 at 9, n. 1).

2

Agreement does not authorize any fees-on-fees; and (4) if this Court awards fees, it should use the already-approved, lower hourly rates of class counsel and reduce the amount awarded based on Plaintiffs' limited success. The Court concludes that an award of fees-on-fees is proper, albeit for less than class counsel seeks.

**B. Timeliness and Waiver**

Defendants argue that Plaintiffs waived their ability to request fees on time spent pre-appeal litigating the Original Fee Motion because they failed to meet Local Rule 54.3(b)'s 91-day deadline. *See* LR 54.3(b) (a fee motion must be filed "no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded").[2] Defendants suggest three potential triggering events for the 91-day deadline, the latest being this Court's Final Approval Order on February 29, 2016. Using this date, Defendants argue, the motion for pre-appeal fees was due by May 30, 2016.

Between the Final Approval Order on February 29, 2016 and this Court's judgment on the Original Fee Motion on September 13, 2016, the Court was considering the several legal arguments presented by the parties about how to calculate class counsel's fees. It is reasonable that Plaintiffs waited for the outcome of the Original Fee Motion before filing a motion requesting fees for preparing that

---

[2] Defendants do not argue that Plaintiffs' request for Appeal Fees was untimely. With regard to Motion Fees, Defendants argue that this Court's fee award was "not a judgment and did not make Plaintiffs the prevailing party." Defendants do not develop the argument that Plaintiffs did not prevail under this Court's September 13, 2016 Order. That would not be a convincing argument because Plaintiffs achieved nearly 80% success when they were awarded $4.7 out of the $6 million they requested.

3

Motion, and that the triggering event, under Local Rule 54.3(b), be the date the Court issued its decision on the Original Fee Motion.

Courts have considered the triggering date to be the date of the original fee award. *See Bd. of Educ. of Evanston-Skokie Cmty. Consol. Sch. Dist. 65 v. Luca,* No. 12 C 5073, 2015 U.S. Dist. LEXIS 128085 at *3, 8 (N.D. Ill. Sep. 24, 2015) (finding it reasonable to file a supplemental fee petition after the original fee petition was ruled upon and measuring time for purposes of Local Rule 54.3(b) from the Court's grant of the first fee petition). In *Robinson v. City of Harvey,* 617 F.3d 915 (7th Cir. 2010), the Seventh Circuit described supplemental attorneys' fees awards as common and inevitable, but concluded that plaintiff's motion was filed well after the time set forth in Federal Rule of Civil Procedure 54 and Local Rule 54.3. *Id.* at 918–19. The Court found that the motion was late because "Robinson took more than 1,250 days (measured from the award of fees in October 2004) or 275 days (measured from the appellate decision in June 2007)." *Id.* at 918.

Defendants argue that the timeliness discussion in *Robinson* is distinguishable because that case involved a civil rights plaintiff seeking to recover under a fee-shifting statute whereas this case is a non-civil rights case governed solely by a private contract, the Settlement Agreement. *Robinson* does not make that distinction. And Defendants fail to cite any authority to support the proposition that timeliness under Rule 54 and Local Rule 54.3 is treated differently in fee-shifting and non-fee-shifting cases. Further, as explained more fully below, this is a fee-shifting case under the Magnuson-Moss Act.

4

Defendants also contend that the September 13, 2016 Order cannot be the "judgment…on which the motion is founded" (LR 54.3) but under Fed. R. Civ. P. 54, a "judgment" is defined to "include[] a decree and *any order from which an appeal lies*." FRCP 54(a) (emphasis added). And Defendants appealed the September 13, 2016 Order so they are hard-pressed to argue that it is not an "order from which an appeal lies." Although not a merits judgment, it is a judgment under Rule 54. *See In re Sears*, 867 F.3d at 793 (reversing the *judgment* of the district court) (emphasis added). The Court is also not convinced by Defendants' unsupported argument that their objection only to the reasonableness of the fee made the September 13, 2016 Order any less of a judgment for purposes of Rule 54 and Local Rule 54.3.

The September 13, 2016 Order is the triggering event for purposes of Local Rule 54.3(b) in this case. On December 8, 2016, Plaintiffs timely informed this Court that they intended to seek fees for the work performed on the Original Fee Motion and for any work defending that ruling in the Court of Appeals.[3] Pursuant to this Court's authority to relax compliance with local rules (*see Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013)) and by agreement of the parties, the Court stayed briefing on fees-on-fees pending the

---

[3] Defendants assert that for purposes of this motion, Plaintiffs filed their request for pre-appeal fees-on-fees on December 14, 2016. (Dkt. 638 at 12, n.2). However on December 8, 2016, this Court held a hearing and Plaintiffs stated they intended to file motions for fees incurred in this Court and on appeal. (Dkts. 609 and 610). Defendants agreed to a stay on Plaintiffs' filing the motion for pre-appeal fees-on-fees until after the Seventh Circuit's ruling on the Original Fee Motion. This Court ordered the parties to submit an agreed order to that effect and entered that order on December 14, 2016. (Dkt. 610). December 14 would be 1 day late for purposes of Local Rule 54.3, but the 6 day administrative delay in drafting and entering the order is not a proper basis to find waiver.

5

appellate ruling. The 86 days from September 13 to December 8, 2016 is within the 91-day deadline. There was no waiver for purposes of Rule 54 and Local Rule 54.3.

**C. Seventh Circuit Decision**

Relying on the law of the case doctrine, Defendants argue that any additional award of attorneys' fees to class counsel would violate the Seventh Circuit's mandate. Certainly the direction to award $2.7 million "no more, no less" on remand was clear; this Court entered judgment accordingly. But it is well-settled that under the law of the case doctrine (or its corollary, the mandate rule), "an appellate-court mandate is 'controlling as to matters within its compass'" but "'does not extend to issues an appellate court did not address.'" *Lees v. Carthage Coll.*, 560 F. App'x 614, 615 (7th Cir. 2014) (quoting *Moore v. Anderson*, 222 F.3d 280 (7th Cir. 2000)). "While an appellate decision establishes the 'law of the case' for all subsequent stages of the litigation…the trial court is restrained only with respect to those issues which have been considered and resolved by the appellate court." *Holcomb v. United States*, 622 F.2d 937, 940 (7th Cir. 1980). *See also United States v. Robinson*, 724 F.3d 878, 886–87 (7th Cir. 2013) (the law of the case doctrine established by an "actual decision of an issue," and courts generally use it to "refuse to reopen what has been decided, not a limit to their power.") (internal citations and quotations omitted).

In this case, the Seventh Circuit considered and resolved Defendants' challenge to this Court's order granting in part the Original Fee Motion. The Seventh Circuit upheld the fees based on Plaintiff's lodestar, but rejected the application of a

6

multiplier. This Court does not believe that the Seventh Circuit's ruling that this Court erred by applying a multiplier was a ruling on the question of fees-on-fees.

Defendants cite case law that a district court must comply with the "express or implied rulings" of the appellate court. (Dkt. 638 at 8 (citing *Moore*, 222 F.3d 280)). In *Moore*, however, the Seventh Circuit explained that

> the mandate is only controlling as to matters within its compass….On remand, the district court retains the authority to dispose of other issues not addressed. To determine what issues were actually decided by the mandate, we require a careful reading of the reviewing court's opinion. The reach of the mandate is coextensive with the reach of our holding, so observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations.

222 F.3d at 283 (internal citations and quotations omitted). Although Defendants do not specify whether they believe the Seventh Circuit's decision contained an express or implied ruling on the issue of fees-on-fees, under either scenario, this Court does not agree that the decision established law of the case on the issue. First, the Seventh Circuit has held that fees-on-fees constitute a "separate post-decision category." *Robinson v. City of Harvey*, 617 F.3d at 918. In *Robinson*, the law of the case barred additional fees for work responding to motions for relief from the judgment, but "[l]egal work performed in seeking the award of fees, and defending them on appeal,…is not barred by our conclusion that the 2004 [fees] award was 'final'". The same logic would apply here.

Second, Defendants did not present the issue of fees-on-fees to the Seventh Circuit for review. *See* Case No. 16-3554, Dkt. 22 at 4–5. *See FMS, Inc. v. Volvo Constr. Equip. N. Am., Inc.*, No. 00 C 8143, 2007 U.S. Dist. LEXIS 19517, at *13

7

(N.D. Ill. Mar. 20, 2007) (Seventh Circuit's rulings, explicit and implicit, must be followed under the law of the case "with respect to issues that were squarely presented to that court.") (citing *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998)). In its opinion, the Seventh Circuit described the appeal as being "limited to challenging the fees awarded to class counsel by the district court." 867 F.3d at 792. Fees-on-fees had not been awarded, litigated or even briefed.[4]

Still, Defendants argue the Seventh Circuit was concerned with the amount of attorneys' fees compared to the likely benefit to the class. Indeed the Court discussed that issue and cited its precedent establishing the general presumption that a fee in excess of the benefit to the class is unreasonable. 867 F.3d at 793. But it also said that in this case, the presumption *was* rebuttable because of "the extensive time and effort that class counsel had devoted to a difficult case against a powerful corporation entitled them to a fee in excess of the benefits to the class." *Id*. This Court does not believe that awarding fees-on-fees would violate the Seventh Circuit's mandate, but will balance the concern about comparing the fee to the benefit to the class as a factor in its reduction of the fees-on-fees award, described further below.[5]

---

[4] This Court entered the parties' agreed order wherein Defendants agreed to stay briefing on Plaintiffs' Motion Fees and that the parties would decide on a briefing schedule for the Motion Fees and Appeal Fees *after* the Seventh Circuit's ruling (*see* Dkt. 610). Defendants did not ask the appellate court for a ruling on the issue of fees-on-fees. The single sentence in their appellate brief mentioning Plaintiffs' intent to seek Motion Fees does not establish that the Seventh Circuit considered and resolved the issue.

[5] There are, as Defendants point out, some cases where the Seventh Circuit has invited the submission a petition for additional fees without returning the case to the district court. *See*

8

**D. The Settlement Agreement**

Defendants argue that the Settlement Agreement controls the present dispute. Because it does not authorize fees-on-fees, they say, such fees are barred. Plaintiffs disagree with that interpretation of the Settlement Agreement. In addition, they argue that awards of fees-on-fees are common in statutory fee-shifting cases such as this one. The Court concludes that it has authority under the Magnuson-Moss Act to award fees-on-fees in this case and the Settlement Agreement does not bar them.

Under Federal Rule of Civil Procedure 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Magnuson-Moss Act authorizes a court to grant attorneys' fees to a prevailing party. *Reid v. Unilever United States, Inc.*, No. 12 C 6058, 2015 U.S. Dist. LEXIS 75383, at *14–15 (N.D. Ill. June 10, 2015). Section (d)(2) of the Magnuson-Moss Act provides:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C. § 2310(d)(2).

In *Reid v. Unilever United States, Inc.,* a Magnuson-Moss Act case, the court relied on the fee-shifting provision in the statute to award fees, as opposed to fees

---

*Ustrak v. Fairman,* 851 F.2d 983 (7th Cir. 1988). The fact that did not happen here does not mean the appellate court ruled such fees were impermissible or even considered such fees.

9

being paid from the common settlement fund, because the parties' settlement agreement provided that defendant would pay plaintiffs' attorneys' fees separately from the settlement fund. 2015 U.S. Dist. LEXIS 75383, at *17. Similarly, here, the Settlement Agreement requires Defendants to pay class counsel separately from any amounts due to class members (Settlement Agreement, p. 34–35, Sec. X). *See Reid,* 2015 U.S. Dist. LEXIS 75383, at *16 (distinguishing cases where the settlement agreement specifically provided that defendants did not have liability for statutory attorneys' fees and class counsel would seek a fee award from the common fund). Therefore this Court's authority to award fees is based in the statute. *See Eirhart v. Libbey-Owens-Ford Co.*, 996 F.2d 846 (7th Cir. 1993) (upholding fees-on-fees award based on court's statutory authority in fee-shifting statute); *Melton v. Frigidaire*, 346 Ill. App. 3d 331, 341 (1st Dist. 2004) (prevailing plaintiff in Magnuson-Moss Act case could petition for attorneys' fees in defending fee award on appeal).

Defendants now say that this case is governed solely by a private contract, in contrast to their argument in the Seventh Circuit that this is a fee-shifting case. (See Case No. 16-3554, Dkt. 37 at 25, arguing that "as class counsel acknowledge [] and the district court found [], this is a fee-shifting case: one of plaintiffs' claims was brought pursuant to a fee-shifting statute…this is a fee-shifting case and attorneys' fees are not coming from a common fund"). But the contract, the Settlement Agreement, establishes that fees are awarded separately from any amounts due to the class, as Defendants have acknowledged. And it contains no

10

provision releasing Defendants from liability for statutory attorneys' fees or prohibiting fees-on-fees. *See Eirhart,* 996 F.2d at 849 ("Under basic contract principles…the letter agreement should have contained some language expressly indicating [a release of defendant's future obligation to pay attorneys' fees]."); *Wright v. Chi. Title Ins. Co.*, 196 Ill. App. 3d 920, 925 (1st Dist. 1990) ("There is a strong presumption against provisions that easily could have been included in the contract but were not."); *Intersport, Inc. v. NCAA,* 381 Ill. App. 3d 312, 325 (1st Dist. 2008) ("adding terms where the contract is silent amounts to rewriting the contract.") (internal citations omitted).

Furthermore, the Settlement Agreement does not need to authorize fees-on-fees because the statute gives the Court the authority to award them. In *Eirhart*, 996 F.2d 846, the parties disputed the meaning of the attorneys' fees terms in their settlement agreement. The Seventh Circuit held:

> [t]he district court…possessed the discretion to award attorneys' fees under Title VII regardless of the language of the settlement agreement….Any justification the district court chose to find in the [settlement agreement] language is redundant to its ability to award attorneys' fees under Title VII to the prevailing party.

*Id.* at 850. The Seventh Circuit affirmed the award of attorneys' fees including fees-on-fees because "we have explicitly upheld an award of fees to prevailing parties for their time spent litigating their claim to fees." *Id.* at 851 (citing *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980)).

Defendants also argue that the result here should be the same as in *Baker Botts L.L.P. v. ASARCO LLC,* 135 S. Ct. 2158 (2015). There, the Supreme Court held that

11

the bankruptcy court improperly awarded fees for work done defending a fee petition because a bankruptcy statute, which only allowed for "'reasonable compensation for actual, necessary services rendered'" did not displace the American Rule. *Id.* at 2162 (citing 11 U.S.C. §327(a)(1)). The phrase "actual, necessary services rendered" meant compensation for work done in service of the estate administrator, not for adversarial fee-defense litigation. *Id.* at 2165. By contrast, the Magnuson-Moss Act is broader, allowing attorneys' fees when "determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action." 15 U.S.C. § 2310(d)(2). The Seventh Circuit, in a case involving the Copyright Act, cautioned against broadly applying *Baker Botts*:

> That contrasts with the statute at issue in *Baker Botts*, which contained language authorizing fees only for certain services provided by attorneys. Because only certain fees were explicitly allowed, the Court held that the statute did not displace the American Rule with respect to other fees incurred such as fee defense litigation. Because the language in the Copyright Act modifies the American Rule, the limitation in *Baker Botts* is irrelevant and does not provide a basis to reverse the district court's award of such fees.

*Bell v. Lantz*, 825 F.3d 849, 852 (7th Cir. 2016). As discussed, courts have applied the Magnuson-Moss Act to displace the American Rule and award fees to a prevailing party. The Settlement Agreement does not supplant the Court's statutory authority to award fees and fees-on-fees.

**E. Fees Awarded**

*1. Hourly Rates*

Defendants do not object to the reasonableness of the number of hours spent by class counsel litigating the Motion Fees or Appeal Fees. They do object, however, to the requested rates which are higher than those this Court approved in the September 13, 2016 Order. Plaintiffs request $750 for Steven Schwartz, $650 for James Rosemergy, $535 for Alison Gushue, and $650 for Timothy Mathews. The Court previously approved rates of $630, $630, $425, and $510, respectively. In the September 13, 2016 Order, because class counsel did not provide sufficient evidence to show that the requested rates were reasonable for many of the attorneys, the Court made its own rate determination by assessing the experience and credentials of the attorneys and comparing the requested rates to the United States Consumer Law Attorney Fee Survey for 2013-14 and other metrics.

Plaintiffs discuss at length the attorneys' experience and credentials but the Court already addressed this in its prior order and will not revisit it. Unlike in its prior order, however, the Court now has the benefit of the United States Consumer Law Attorney Fee Survey for 2015-2016 ("2015-16 Fee Survey"). Therefore, the Court can assess the reasonableness of class counsel's rates in light of other court orders approving their then-current rates and the 2015-16 Fee Survey to decide if the 2017 rates are reasonable in this case. *See Rodriguez v. City of Chi.*, No. 08 C 4710, 2013 U.S. Dist. LEXIS 136335, at *7 (N.D. Ill. Sep. 24, 2013) ("The Seventh Circuit has approved of both approaches [of calculating fee awards based on current

13

rates or historical rates plus interest]…although using the current market rate seems preferred.").

Plaintiffs contend that other courts approved their proposed rates for 2015-16 ($750 for Schwartz, $600 for Mathews and $450 for Gushue), so this Court should approve their rates for 2017. *Chambers v. Whirlpool* and *Ardon v. Los Angeles* are helpful to the analysis because both orders were entered in October 2016, involved the specific attorneys in this case, and approved their then-current rates. In *Chambers v. Whirlpool*, the court in the Northern District of California approved $750 for Mr. Schwartz, $600 for Mr. Mathews, and $450 for Ms. Gushue. (Dkt. 631, Exs. 3, 4). In *Ardon v. Los Angeles*, the Superior Court of California approved $600 for Mr. Mathews and $450 for Ms. Gushue. (*Id.*, Exs. 10, 11).

A comparison of these approved rates to the 2015-16 Fee Survey does not support Defendants' argument that all Los Angeles rates are "irrelevant." The 2015-16 Fee Survey shows that the then-current rates approved in *Chambers* and *Ardon* were (1) for Schwartz, slightly higher than the Chicago (and Los Angeles) market rate, (2) for Mathews, the same as Chicago, and (3) for Gushue, slightly higher than the Chicago (and Los Angeles) market rate.[6] Although Rosemergy's rate was not assessed in *Chambers* or *Ardon*, the Court finds his $650 rate reasonable in light of

---

[6] In 2015-16 in Los Angeles, the rate for consumer law attorneys was $725 for the 95% median attorney rate and $600 for the 75% median attorney rate. The average rate for a consumer law attorney practicing for 6-10 years was $386 and $425 for 11-15 years. In the same timeframe in the Chicago area, the rate for consumer law attorneys was $700 for the 95% median attorney rate and $600 for the 75% median attorney rate, and the average consumer law attorney rate for 6-10 years was $429 and $447 for 11-15 years. Plaintiffs miscite the 2015-16 Chicago 95% median rate as $725.

14

its prior assessment of his experience and credentials which placed him near the 95% median attorney rate which was $700 in Chicago in 2015-16. For these reasons, the Court awards hourly rates of $725 for Mr. Schwartz, $650 for Mr. Mathews, $650 for Mr. Rosemergy, and $500 for Ms. Gushue.

### *2. Partial/Limited Success*

A court may reduce a plaintiff's lodestar based on a plaintiff's partial or limited success. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The Seventh Circuit has held that *Hensley*'s lodestar reduction principles apply to attorneys' fees sought for litigating a fees award. *In re Burlington N., Emp't Practices Litig.*, 832 F.2d 430, 431 (7th Cir. 1987).

Reasonableness of a fee is generally a function of success. *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988). "[L]ack of success in obtaining fees or in defending a fee award is certainly material in deciding how large the reimbursement should be." *Id*. "In determining the proper amount to reduce a plaintiff's fee award to reflect the degree of success obtained, the district court has considerable discretion." *Spegon v. Catholic Bishop*, 175 F.3d 544, 559 (7th Cir. 1999); *see also In re Burlington N., Emp't Practices Litig.*, 832 F.2d at 433 (district judge has broad discretion to rule on a request for second-round attorneys' fees). The Magnuson-Moss Act also grants the Court discretion. 15 U.S.C. § 2310(d)(2).

The Court determines that a reduction is appropriate in light of Plaintiffs' relative success in the fee dispute. In terms of amounts sought and actually obtained, Plaintiffs were approximately 80% successful in litigating their fee

15

petition in the district court (they requested $6 million and were awarded $4.8 million) and partially successful (56%) in defending their award on appeal (they defended their award of $4.8 million and received $2.7 million). Their ultimate award was 45% of their initial request. They defended the $2.7 million lodestar award in the Court of Appeals against Defendants' position that class counsel should receive less than $900,000. (Case No. 16-3554, Dkt. 22 at 49). They thus succeeded in defending their lodestar but lost on the issue of the multiplier. In addition, the Court considers that Defendants have reported the expected cash payments to the class now total approximately $500,000 (Dkt. 638-1, Michael T. Williams Decl. ¶2), which also warrants reducing the requested fees-on-fees. The Court also considers that although class counsel calculated their lodestar as $336,521.25 for Motion Fees, they have requested the lower amount which they previously agreed to, $295,000.

In light of all of the circumstances of this case, the Court reduces class counsels' supplemental fees award in the district court by 20% and in the appellate court by 44%. *See In re Burlington N., Emp't Practices Litig.*, 832 F.2d at 433 (affirming district court's decision to reduce second-round fee award by thirty-five percent where lead counsel obtained forty-two percent of the award it sought for the initial fee petition); *K.L. v. Edgar*, No. 92 C 5722, 2001 U.S. Dist. LEXIS 1922 (N.D. Ill. Feb. 20, 2001) (where original fee award was reduced by thirty percent, concluding the fees-on-fees should be reduced by fifteen percent to account for degree of success plaintiffs achieved in fees litigation). *See also World Outreach Conference Ctr. v.*

16

*City of Chi.*, No. 17-2476, 2018 U.S. App. LEXIS 20593, at *10 (7th Cir. July 24, 2018) ("There is no particular algorithm for making such reductions to the lodestar.").

With regard to the Motion Fees, class counsel previously agreed to request no more than $295,000 and have requested that amount. (*see* Dkt. 611; Dkt. 630 at 35). 80% of $295,000 is $236,000. For Appeal Fees, based on the hourly rates this Court has identified above, the lodestar amounts to $465,618.75 (see table below). 56% of $465,618.75 is $260,746.50. Adding $260,746.50 to $236,000 brings the total award to $496,746.50.

**Appeal Fees**

| **Timekeeper** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Steven A. Schwartz | 304.85 | $725 | $221,016.25 |
| Alison G. Gushue | 270.35 | $500 | $135,175 |
| James J. Rosemergy | 156.25 | $650 | $101,562.5 |
| Timothy N. Mathews | 12.1 | $650 | $7,865 |

Appeal Fees Lodestar = $465,618.75

**F. Conclusion**

For the reasons discussed, Plaintiffs' Supplemental Motion for Attorneys' Fees [629] is GRANTED IN PART in the amount of $496,746.50.

Dated: August 3, 2018

E N T E R:

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge